## TRIPP *vs.* VINCENT and others.

No decree can be founded upon evidence in relation to matters not put in issue, between the parties, by the pleadings.

The proper way of bringing forward a defence which arises after the putting in of the defendant's answer is by obtaining leave to file a supplemental answer, or leave to file a cross-bill.

The release of a debt which is secured by a mortgage may discharge the lien of the mortgage upon the land. But where the debt is secured by the personal obligation of the mortgagor, as well as by a mortgage upon land, the debt will still exist, as a valid claim against the land, although the creditor consents to discharge the personal liability of his debtor, and to look to the land alone, upon which the debt is a lien, for the payment thereof.

Whether the debt itself was intended to be discharged, or only the personal liability of the debtor, is in such cases a question of fact; arising either from extrinsic circumstances, or upon the construction of the instrument which is claimed to be a discharge of the debt.

By the mortgagor's conveyance of mortgaged premises, to a purchaser, *subject* to the payment of the mortgage by the latter, the land becomes the primary fund for the payment of the debt due to the mortgagee. And releasing the personal liability of the mortgagor, who in equity is then only secondarily liable, leaves the mortgage in full force against the land; in the same manner as if the mortgagor had been discharged from his personal liability under the bankrupt act.

THIS was an appeal from a decree of the late vice chancellor of the seventh circuit for the foreclosure and sale of mortgaged premises. The defendants were judgment creditors of the mortgagor, and set up as a defence that the mortgage to the complainant was without consideration, and fraudulent as against the appellants. The facts appear sufficiently in the opinion of the chancellor.

*W. A. Young*, for the appellants.

*A. Taber & L. Birdseye*, for the respondent.

THE CHANCELLOR. The facts disclosed upon the examination of the complainant as a witness upon the creditor's bill filed against the mortgagor render it highly probable that his mortgage was given for some fraudulent purpose, and that the

whole amount which the mortgage professes to cover was not in fact due from the mortgagor. It is also evident from the testimony of the mortgagor himself, that the note which formed a part of the alleged consideration was subsequently given up to the complainant, by the mortgagor, without exacting full payment of the amount due thereon; and that too, after the recovery of the judgment of the appellants against the mortgagor, and after the mortgagee must have known that the mortgagor was insolvent and unable to pay his debts. Under such circumstances, if the answer of the appellants had set up that defence, the mortgage ought not to be held as a valid lien upon the mortgaged premises for any greater amount than was in fact due, even if there was no fraud in giving the mortgage originally. The answer sets up no defence, however, except the fraud and want of consideration for the mortgage at the time it was given. And no decree can be founded upon evidence in relation to matters which were not in issue between the parties. For the same reason the release, by the complainant, of the personal liability of the mortgagor, subsequent to the putting in of the defendants' answer, even if it constituted a defence, could not be used for the purpose of defeating the complainant's claim against the mortgaged premises. The proper way of bringing forward a defence which arises after the putting in of the answer is, by obtaining leave to file a supplemental answer, or leave to file a cross-bill. The release in this case, however, constituted no defence whatever. The release of a debt which is secured by a mortgage may discharge the lien of the mortgage upon the land. But where the debt is secured by the personal obligation of the mortgagor as well as by a mortgage upon land, the debt still exists as a valid claim against the land, although the creditor consents to discharge the personal liability of his debtor, and to look only to the land, upon which the debt is a lien, for the payment thereof. Whether the debt itself was intended to be discharged, or the personal liability of the debtor only, is in such cases a question of fact; arising either from extrinsic circumstances, or upon the construction of the instrument which is claimed to be a discharge

*Tripp v. Vincent.*

of the debt. In the present case, by the conveyance of the mortgaged premises to Vincent, by the mortgagor, subject to the payment of the mortgage by the grantee, the land became the primary fund for the payment of the debt due to the mortgagee. And the release of the personal liability of the mortgagor, who in equity was only secondarily liable, left the mortgage in full force against the land; in the same manner as if the mortgagor had been discharged from his personal liability under the bankrupt act. (*See Newton* v. *Scott,* 9 *Mees. & Wels.* 434.)

The great difficulty in establishing fraud in the giving of the mortgage, in this case, is that there is no evidence whatever that the mortgagor was indebted to the appellants at that time; or indeed that he owed any debts whatever, except a small one for which the mortgagee was himself liable, and for the payment of which debt the mortgagee was otherwise secured. From the affidavits, used upon the application of the appellants to be let in to defend, it appeared probable that their debt was contracted long before the giving of the mortgage; and that when the mortgage was given the mortgagor was insolvent, or in failing circumstances. But as no evidence was produced upon the hearing to show that the mortgagor had any creditors, at that time, who could have been defrauded by the giving of this mortgage, the vice chancellor was not authorized to decree that such mortgage was void as against the appellants; upon the ground that it was given to defraud the creditors of the mortgagor.

The decree appealed from must therefore be affirmed, with costs.