## J. H. AUSTIN *v.* MARGARET RAMSEY.

### April Term, 1876.

CHANCERY JURISDICTION AFTER JUDGMENT. — Where the trial of a cause by a justice was continued indefinitely, upon the application of the complainant, then the defendant, to find receipts, and he was afterwards notified by the justice that judgment would be entered, and he sent a receipt, which was allowed, it was held that complainant had no *status* in equity to interfere with the judgment.

EVIDENCE MUST BE CONFINED TO THE ISSUE. — The court cannot notice matter, however clearly proved, of which there is no allegation in the pleading, nor any issue justifying its introduction ; so held, where the bill did not impeach the validity of a judgment, but only sought a retrial, and the evidence tended to show that the judgment was void.

JUSTICE'S JUDGMENT — ANTEDATING. — A justice's judgment, rendered, after a continuance for an indefinite period at the instance of the defendant, upon notice to the defendant of the day when it would be rendered, is not void merely because antedated as of the day first set for the trial.

MISTAKE IN AN ANSWER CORRECTED BY THE RECORD. — The defendant will not be prejudiced by a mistake made in his answer as to the date of his judgment, which is corrected by the record of the judgment itself.

*J. B. White*, for complainant.
*Overton Lee*, for defendant.

THE CHANCELLOR: — Bill filed October 7, 1875, to be permitted to make the defences of usury and payment to a note after a judgment rendered thereon by a justice of the peace in favor of the defendant on August 2, 1873. The cause assigned for not making these defences before the justice is, that complainant did attend on the day set for trial, " with his proof," prepared to show that he had paid the note sued on ; but the plaintiff did not appear, or any one to represent her, and the justice postponed the trial to some other day, as complainant understood, of which he was to have due notice. " Complainant went home satisfied with this arrangement, and, as he heard nothing more about the matter, he supposed the defendant became satisfied that he owed her nothing on the note, and had concluded to prosecute the suit no further." Within a few days, an execution has been for the first time issued on the judgment, and was the first intimation received by the complainant that a judgment had been rendered.

Upon the case thus made by the bill, the remedy was clearly by *certiorari* and *supersedeas* at law. *Spivy* v. *Latham*, 8 Humph. 703. But the defendant has, by her answer, expressly waived " all objections to the jurisdiction of the court," and taken issue with the complainant, both upon the causes assigned for not making defence, and upon the merits of the defences.

The causes assigned are, in brief, that the complainant did attend on the day fixed for trial before the justice, and the defendant did not ; that the cause was continued to some other day, of which complainant was to have notice ; that no such notice was ever given him, and he had no knowledge of the judgment until within the last few days.

The complainant gives his own deposition, and states that he attended on the day of trial, without any proof, and the

justice, who had the notes with the credits thereon, told him there was a balance of $88 due, and the judgment is rendered for this balance. Complainant adds, in his testimony in chief, that he said to the justice he had some other receipts, went home, found a receipt for $100, and sent it to the justice, "and gave the matter no further attention." In his cross-examination, he admits that the justice gave him credit for the $100 evidenced by the receipt found, in arriving at the balance of $88 for which the judgment was rendered. It is clear, therefore, that on the day of trial the justice agreed to allow the credit thus claimed, upon production of the receipt, and made his calculation accordingly; and that complainant then knew there was a balance still due from him upon the note, as to which, to use his own words, he "gave the matter no further attention." The complainant's answer to the fifteenth cross-interrogatory is in these words: "The case was set for trial twice. The first time, I was present *and had the cause postponed* that I might find my receipts. Some time after that, Squire Gray (the justice) wrote to me, *telling me the day he was going to enter judgment.* That day, I did not attend, but sent the receipt for $100 by my son." It thus appears from his own testimony that the continuance given by the justice was at his (complainant's) instance, to find receipts, and that he did have notice of the "other day" to which the trial was adjourned, and did not attend. The equity of the bill, fully met by the answer, is disproved by the complainant himself. He has, thus far, no *status* in this court.

The bill only insists that the judgment is erroneous and unjust, and that complainant should be allowed to make defences which, by reason of the causes assigned, he was prevented from making without fault on his part. His own testimony disproves his causes, and convicts him of neglect in not making his defences at law. So far as the case made by the bill is concerned, the complainant is out of court. His learned counsel, however, insists that the facts disclosed

by the answer show that the justice's judgment is void, and, therefore, he is let into his defences.   The answer does say that the justice granted the complainant a continuance until August 12th, to produce further receipts ; that complainant failed to appear, and that the justice, at his leisure, — that is to say, on August 29th, — entered up the judgment.   But this statement is confessedly upon information, not knowledge, and the date given of August 29th is owing to a misreading, by the defendant's counsel, of the judgment itself.   The original judgment is produced, and shows that it was rendered on the " 2d " of August, the " d " after the figure 2 being so written as to look like the figure 9. The error is, however, obvious upon inspection.   A defendant cannot be allowed to be prejudiced by an innocent mistake of such a character.   Correcting this erroneous statement of the answer, by the record, there is nothing in the answer to show that the judgment is void.

It is next urged that the justice himself states in his deposition that he waited upon the complainant about two months after August 2d, the day set for the trial, and then gave judgment as of that date, "which," he adds, " I had notified the parties I would, at the commencement." This testimony, without any issue made by the bill upon the validity of the judgment, was irrelevant.   The court cannot notice matter, however clearly proved, of which there is no allegation or issue in the pleadings.   *Sheratz* v. *Nicodemus*, 7 Yerg. 13 ; *Buffalow* v. *Buffalow*, 2 Ired. Eq. 115 ; *Gordon* v. *Gordon*, 3 Swanst. 472 ; *Bedford* v. *Williams*, 5 Coldw. 207 ; *Browning* v. *Pratt*, 2 Dev. Eq. 49 ; *Powers* v. *Mansfield*, 6 Sim. 565 ; *Vansciver* v. *Bryan*, 2 Beas. 434 ; *Tripp* v. *Vincent*, 3 Barb. Ch. 614.   And such evidence must, *ex necessitate*, be generally left for action upon the hearing of the cause.   *Osmond* v. *Tindall*, Jac. 628 ; *White* v. *Tussell*, 19 Ves. 127.   The rule is not adopted simply for the purpose of preventing surprise, but of deterring parties from an attempt at imposition.   For,

if the evidence runs ahead of the allegation, there is reason to consider it false, as every one is presumed to allege his cause as strongly in his own favor as he can, consistently with the truth. *Willis* v. *Peterson*, 3 Jones Eq. 341.

If the facts were admissible, the question raised would be one of grave difficulty. In *Hubbard* v. *Birdwell*, 11 Humph. 229, the decision is that a formal judgment in the absence of the defendant, and without notice to him, and without any trial of the matters in dispute, which is ante-dated, is void; and there is a strong intimation that the fictitious proceedings, which, by antedating, appear on their face to be what in fact they are not, are inadmissible even in cases before justices of the peace. But in *West* v. *Williamson*, 1 Swan, 277, and *Glover* v. *Holman*, 3 Heisk. 519, the decisions are that, where the justice has jurisdiction, a judgment rendered on a different day from that set for trial, and without notice to the defendant, although irregular, is not void. In the doubtful state of the authorities, I am not inclined to treat as void a judgment rendered, after a continuance for an indefinite period granted at the instance of the defendant himself, upon notice of the day when it would be rendered, merely because it was ante-dated.

I am of opinion, therefore, without going into the merits of the complainant's defences, that the complainant is not entitled to the aid of this court to make them. According to his own testimony, he had ample opportunity of making them at law, and neglected to do so. He admits, also, and the justice proves the fact positively, that he had notice of the judgment shortly after it was rendered, within time to have resorted to the legal remedy in lieu of appeal.

His defences are, in argument, narrowed down to a claim of usury in the amount of the note, and of a credit for $40 for which no receipt was taken. The note was given, it seems, in satisfaction of one-half of a judgment recovered by defendant against him and another as sureties of a third

person. Each of the sureties agreed to assume half the judgment, and complainant paid his half with this note, dated May 16, 1860, and payable nine months thereafter. The allegation of the bill is that interest at the rate of ten per cent per annum was calculated upon the one-half of the judgment, for the extension of the time of payment. But the note was not given for the loan of money, nor as compensation to the creditor from the debtor for the use of money, nor for forbearance in the collection of the debt. It was an extinguishment and payment of a judgment against the complainant and other parties, and falls precisely within the decision of *Smith* v. *Price*, 2 Heisk. 293.

I am also of the opinion that the complainant has failed to show satisfactorily that he is entitled to the additional credit claimed. The bill gives as the date of this payment December 4, 1870. In his deposition the complainant says "it was after hay-gathering time in the year 1871; that is, it was in the fall of 1871." His brother says, in his examination in chief, it was "in the latter part of 1872;" and, on cross-examination, that, on further reflection, he thinks it was in 1871. The note itself shows a credit on October 4, 1869, of $40. It is easy to see, in this uncertainty as to dates, after the lapse of time, that the witnesses may have postdated the payment, and that the credit claimed is probably the one entered on the note as of October 4, 1869. And it is a significant fact that the complainant does not claim, either in his bill or in his deposition, that he ever made more than one payment of $40; nor does he assert that the defendant's agent, to whom the payments were all made, and who is dead, ever failed to enter a credit on the note for any payment received. The justice who tried the case cannot recollect that the complainant insisted upon any payment of this amount in addition to the credit on the note. The burden of proof, under the circumstances, is clearly upon the complainant, and I must return the Scotch verdict of "not proven."

The bill must be dismissed with costs.