## Case No. 1,775.

BRADLEY et al. v. CONVERSE et al.

[4 Cliff. 366.][1]

Circuit Court, D. Massachusetts. May Term, 1876.

EQUITY—PLEADING AND PROOF—VARIANCE—ORIGINAL BILL—REQUISITES.

1. The allegations and proofs, in suits in equity, must set forth and support the same cause of action. A party cannot state one case in his bill of complaint, and make a different one by his proofs.

2. Facts necessary to maintain the suit, and obtain relief, must be stated in the bill. Relief cannot be granted for matters not charged.

3. The bill in this case charged, in effect, that the respondents. being officers of a corporation, undertook, in its behalf, to take up certain of its bonds called Norfolk county bonds. the corporation having deposited with the respondents certain other bonds, called Berdell bonds, upon which to raise money wherewith to buy the Norfolk bonds, and that the respondents charged extortionate commissions on settlement, in violation of their trust and duty. The proofs tended to show the facts to be that the respondents bought up the Norfolk county bonds, and sold them to the corporation at an extortionate rate; that one of the respondents received cash for his interest, and the other part cash and part notes of the corporation, with Berdell bonds at fifty per cent. as collateral; that the collateral had been sold, and not enough realized to pay the notes of the corporation. Held, the allegations in the bill, and the facts as exhibited by the proofs on the record, did not agree.

4. No decree can be founded upon matters not in issue between the parties. If the bill sets up a case of fraud, the complainant is not

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

entitled to relief by establishing some one or more of the facts independent of fraud, although the facts might create a case under a wholly distinct head of equity.

5. A party may frame his bill in the alternative, if the title to relief will be the same in either alternative, although the case be presented upon allegations resting on wholly distinct and independent grounds.

In equity. This was a bill charging that the respondents [James W. Converse and Henry N. Farwell], as agents and trustees of a certain railroad corporation [the Boston, Hartford & Erie Railroad Company] to buy up certain mortgage-bonds of the same, had bought many of the bonds at less than their par value and had charged the corporation, on settlement, the full par value of the bonds, and that they had made extortionate charges in the said settlement. The prayer of the bill was that the respondents might be decreed to render an account of all money paid for the bonds; to produce vouchers; that they might be decreed to pay over all money found due the complainants [Charles S. Bradley, Charles R. Chapman, and George M. Barnard] as assignees in bankruptcy of the corporation. Farther details of fact will be found in the opinion. as they become requisite to an understanding of the case. [Entry of decree dismissing bill deferred to enable complainants to move for leave to amend.]

C. S. Bradley and James J. Storrow, for complainants.

B. F. Brooks and M. Storey, for respondent James W. Converse.

B. F. Butler and E. L. Barney, for respondent Henry N. Farwell.

After the first argument, the court made the following order:

CLIFFORD, Circuit Justice. Ordered, that the case be reargued, in writing, on the following questions:—Sufficient appears to show that the bill of complaint proceeds upon the ground that the respondents undertook, in behalf and for the benefit of the railroad company, to take up and pay the outstanding Norfolk County Railroad bonds, and that the railroad company to supply them with funds for the purpose, placed bonds, secured by its own property, in their hands. Instead of that, the proofs show, or tend to show, that the respondents proceeded without authority throughout, and that the bonds used to procure the funds were never placed in their hands by the railroad company. Suppose the theory of the proofs is correct, can the court grant relief under the present bill of complaint?

The following opinion was delivered after the reargument made in compliance with the above order:

CLIFFORD, Circuit Justice. Equity undoubtedly has jurisdiction, in cases of trust and fraud, to compel an account and afford relief; but the rule is well settled, by repeated decisions, that the allegations and proofs in such a suit, whether it be to enforce a trust or to annul a fraud, must set forth and support the same cause of action, or, in other words, a party in such a suit is not allowed to state one case in his bill of complaint or answer, and make another and a different one by his proof,—the rule being that the allegata and the probata must concur in supporting the same charge or ground of relief. Foster v. Goddard, 1 Black [66 U. S.] 518; Boone v. Chiles, 10 Pet. [35 U. S.] 208. Authorities to that effect are quite numerous, and the supreme court has expressly decided that the proofs must be according to the allegations of the parties; and that, if the proofs go to matters not within the allegations, the court cannot judicially act upon them as a ground of decision, it being well settled that the pleadings in that state of the evidence do not put such matters in contestation. Harrison v. Nixon, 9 Pet. [34 U. S.] 502.

Facts essential to maintain the suit and obtain relief must be stated in the bill, otherwise the defect will be fatal, for no facts are properly in issue unless charged in the bill; and of course proofs are not admissible to establish what is not alleged, nor can relief be granted for matters not charged, even though they may be apparent from other parts of the pleading and evidence, the rule being that the court pronounces the decree secundum allegata et probata. Story, Eq. Pl. (7th Ed.) § 257, p. 245.

Throughout the examination of the questions presented for decision in this case, it should be borne in mind that the complainants are the assignees in bankruptcy of the Boston, Hartford, and Erie Railroad Company, and that that company was duly formed by the union and merger of several other railroad companies previously incorporated and organized, including in the number the Norfolk County Railroad; that the franchises and property of the latter railroad company, before the said union and merger took place, had been mortgaged to certain trustees to secure the payment of bonds issued by the company to the amount of $415,000. Converse, the first-named respondent, was one of the trustees under that mortgage, and it also appears that he and the other respondent, Farwell, were both directors of the bankrupt corporation in which the former company was merged, and that, by the terms of the union and merger, the bankrupt corporation became the owner of the franchises and property of that company, subject to the prior mortgage, and acquired the right, and was bound by law, to redeem the said mortgage, and to take up and pay the said bonds and interest, according to their tenor and effect. Explanations to the same effect are given in the bill of complaint, to show the character of the parties and to describe the subject-matter out of which the

controversy has arisen. Nothing can be plainer, in the judgment of the court, than that these explanations were intended by the pleader as the proper description of the parties, and as preliminary to the statement of the cause of action for which relief is sought.

Having stated that the bankrupt corporation "was bound by law to redeem the said mortgage, and to take up and pay for the said bonds and interest," the complainants proceed to charge "that the said respondents, Converse and Farwell, undertook to do this on behalf of, and for the benefit of, the" bankrupt corporation. That the bankrupt corporation, "to supply the said respondents, Converse and Farwell, with funds for this purpose, placed in their hands bonds of the said" corporation, "secured by a mortgage of all its railroad property and franchises, upon the security and pledge of which the said Converse and Farwell borrowed all the money needed or employed by them in taking up, buying, and redeeming the said bonds." Specific accusations are then alleged against the respondents, which in brief may be stated as follows: 1. That many of the bonds were purchased by the respondents at much less than their par value and interest. 2. That the respondents did not purchase all of the outstanding bonds. 3. That they wrongfully, and in violation of their trust and duty, charged the corporation the full par value and interest upon all of the bonds and interest, also upon all overdue payments of interest. 4. That they wrongfully and falsely, and in violation of their trust and duty to the corporation, and as officers and directors thereof, rendered an account to the company, as if they had advanced and paid the amount, and purchased and paid for the bonds, in the manner and the amount stated in the account. 5. That they should only have charged the amounts paid for bonds actually purchased. 6. That they should not be allowed any sums in excess of what they paid, nor any amount for bonds not actually purchased. 7. They, the complainants, repeat that all the money the respondents expended was raised by a pledge of the bonds of the bankrupt corporation. 8. That the charge of twenty per cent for the money so raised is extortionate, and a violation of the trust and duty of the respondents, and that they hold the same subject to said trust. 9. That they have never truly accounted for the money so received and retained, and that, if they have rendered any such accounts, the same are false and untrue, and, if allowed, the accounts are wrongful and fraudulent.

Annexed to the charging part of the bill of complaint is the prayer for relief, which is as explicit and unambiguous as could well be framed, as follows: 1. That the respondents be decreed to render an account of all money paid for the purchase of said bonds. 2. That they be required to produce proper vouchers and receipts. 3. That they be not allowed and credited any sums except those actually and properly paid for that purpose. 4. That they pay over all sums found due to the complainants as assignees, and for general relief.

Service was made, and the respondent, Farwell, appeared and demurred to the bill of complaint. Hearing was had upon that issue, and the court overruled the demurrer and gave the respondents leave to answer. Pursuant to that leave, the respondent, Converse, on July 29, 1875, filed an answer. He admits that the complainants are the assignees in bankruptcy of the bankrupt corporation, and that the said corporation was the owner of the equity in the railroad and property of the Norfolk County Railroad Company, and that they had the right, and were bound by law, to redeem the said mortgage, and to take up and pay the said bonds and the interest thereon. Superadded to that, he also admits that he was one of the trustees under that mortgage, and that he was chosen one of the directors of the bankrupt corporation at the time therein specified. Elaborate explanations are given in the answer as to the acts and doings of the respondent in taking up a certain portion of the bonds of the Norfolk County Railroad, and of the alleged means employed to accomplish that end. Suffice it to say that those explanations are too extended to be reproduced in this opinion; nor is it necessary, as they affirm in substance and effect the following propositions: 1. That the arrangement between the respondents, to take up the outstanding bonds, did not embrace any undertaking whatever with the bankrupt corporation. 2. That the money used to accomplish the end was mostly obtained by the present respondent upon promissory notes of his firm, which he indorsed and procured to be discounted. 3. That all the bonds, including interest, were taken up, except $6,753.37, which were outstanding in the hands of holders who could not be found. 4. That the full amount of the bonds was paid, except in a few cases, in which concessions were made, to small amounts, for ready money. 5. That the accounts were all duly settled, adjusted, and approved as therein fully set forth and explained. 6. That he never, in any other manner, undertook to take up and pay said bonds or interest, and that no mortgage bonds of the bankrupt corporation were ever received by him for the purpose of raising money to be used or expended in making any such purchases, either as security, pledge, or otherwise. 7. That he did not charge interest except as therein explained; and he explicitly denies that he ever charged the twenty per cent, as alleged in the bill of complaint.

Separate answer was subsequently filed by the other respondent, in which he denies that the said Converse and himself jointly undertook to redeem and take up and pay

for said bonds and interest, in behalf and for the benefit of the bankrupt corporation. These denials are explicit and unconditional, but he admits that he himself made a contract with the corporation .to buy up said bonds for the purpose of having them cancelled, so far as the same could be found and purchased; and he also admits that he, in pursuance of that contract, did purchase at par, and in trust, and pay for all the said bonds that were offered to him, and that he received payment therefor in part from the said bankrupt corporation in Berdell mortgage bonds, or in money derived from said corporation. Beyond doubt these admissions are as explicit as the preceding denials, but he also denies that he purchased any of said bonds for less than their par value and interest, or that he failed in any degree to perform his contract, or that he charged any more than a proper commission, or that he owes the corporation any sum whatever on account of the matters charged.

Due settlement of the accounts is also set up, and the respondent avers that his accounts and doings in the premises were fully approved by the directors. Proofs were taken, and by the proofs it appears that the directors, at a meeting held September 17, 1867, elected an executive committee of their board, consisting of John S: Eldridge, Mark Healey, Henry N. Farwell, Henry Thompson, and Thomas E. Graves, with power to do and perform all things this board might do, subject to its approval. Evidence was also introduced by the complainants, that at a meeting of the directors held Oct. 10, 1867, Henry N. Farwell was unanimously elected vice-president of the company, and that the directors voted that the vice-president, with the advice and consent of the executive committee, is authorized and empowered to enter into any contract, and to do all acts and things necessary to take up the mortgage known as the "Norfolk County Railroad Mortgage," and any other mortgage liens on the property of this company, and to do all acts and things necessary to obtain the benefits of the loan from the state of Massachusetts, contemplated by its act of April 27, 1867. Nothing appears in the record to show that the executive committee ever advised or gave their consent to the undertaking of the respondents, set forth in the bill of complainant, or that the proposition involved in the allegation, if any such was entertained by the respondents, ever came to the notice of the executive committee. Instead of that, the clear inference from the whole proofs is that the acts and doings of the respondents, in taking up and paying the said bonds and interest, if they ever jointly made any such purchases, were without any legal authority from the corporation. Frequent reference is made, in the second argument, to the fact that the demurrer of Farwell to the bill of complaint was overruled. Grant it; but the confession does not advance the argument in the question before the court. Such an issue involves the sufficiency of the allegations setting forth the cause of action; but the present question is whether the alleged cause of action is proved, or whether, if it is not proved, the complainants may recover for what they have proved beyond what is alleged in the bill of complaint.

Viewed in the light of what is alleged, the gravamen of the bill of complaint is that the respondents, being officers of the corporation, undertook, in behalf of the corporation, to take up the Norfolk county bonds, the corporation having deposited with the respondents Berdell bonds, upon which they raised the money to accomplish that end, and that the respondents, on settlement, made extortionate charges for commissions, and other matters in violation of their trust and duty as such officers. Taken as a whole, it is plain that such a bill of complaint was not demurrable, but the facts are, as the proofs tend to show, that the respondents bought up the bonds and sold the same to the .corporation at an extortionate rate; that Farwell received cash for his interest; and that Converse was paid partly in cash and partly in notes of the corporation, with Berdell bonds at fifty per cent as collateral; that the collateral has been sold, and not enough realized from it to pay the notes of the corporation, the balance of which still remains due.

Careful examination of the case prior to the reargument convinced the court that the allegations in the bill of complaint, and the proofs exhibited in the record, did not agree in regard to the cause of action, and it was for that reason that the order was passed, directing that the question, whether relief can be granted under the present bill of complaint, should be reargued in writing as specified in the order. Faithful compliance with that order is acknowledged by the court. Aided by the arguments, the court will now proceed to determine that question.

Decided cases, almost without number, support the proposition laid down by Chancellor Walworth, that no decree can be founded upon evidence in relation to matters not in issue between the parties. Tripp v. Vincent, 3 Barb. Ch. 614. Courts of equity everywhere recognize and acknowledge the soundness and justice of that rule and none more decisively than the supreme court, as clearly evinced by the language of Marshall, C. J., in a leading case, in which he decided, more than half a century ago, that no rule is better settled than that the decree must conform to the allegations as well as the proofs in the cause. Crocket v. Lee, 7 Wheat. [20 U. S.] 525.

Enough is already remarked to show that the allegations embodying the alleged undertaking of the respondents constitute the essential cause of action set up in the bill of complaint, and that, if those allegations

are disproved, the complainants have no substantial ground to claim any relief. Reject those allegations, and it follows that the bill of complaint states no case for relief on either of the principles of law which the complainants have invoked in the second argument. Clearly not on their first ground, because they have not alleged any alternative claim for compensation. Nor can the bill of complaint be maintained upon the second ground suggested, because the defence is not that they have not prayed for appropriate relief, but that the facts alleged as the ground of relief are not proved. Suppose the proofs would be competent if the allegations were sufficient, still it is contended, and well contended, that the facts which the proofs tend to establish cannot be made the ground of relief, because the facts are not pleaded in the bill of complaint, and because the respondents have never been called upon to make answer to them, or to controvert them by evidence; or, in other words, that relief cannot be claimed on any ground not set forth in the bill of complaint. When the bill sets up a case of actual fraud, and the complainant makes that the ground of his prayer for relief, Chancellor Truro held that he was not entitled to a decree by establishing some one or more of the facts quite independent of fraud, although the facts proved might themselves create a case under a totally distinct head of equity from that which would be applicable to the case of fraud, originally stated. Price v. Berrington, 7 Eng. Law & Eq. 254.

Equitable relief cannot be granted unless the ground of relief is both alleged and proved. Consequently, Chancellor Cottenham held, in a case where the facts alleged were not proved, and the facts proved were not alleged, that the bill of complaint must be dismissed. Lord Brougham concurred, and remarked that "fraud must be clearly and distinctly alleged, and if so alleged, must also be clearly and distinctly proved, if it is the ground on which parties seek the assistance of the court for equitable relief." Wilde v. Gibson, 1 H. L. Cas. 627, 628. Actual fraud being alleged, and mere neglect of duty being proved, the chancellor held that relief could not be granted, because if the charge proved had been properly alleged, the line of defence might, and probably would have been different, which is quite analogous in principle to the case before the court. Ferraby v. Hobson, 2 Phil. Ch. 258, 259. Exactly the same views are expressed by the same learned chancellor in another case, where he held if a bill is filed making a case of alleged fraud, and the fraud is disproved or not established, the court will not allow the bill to be used for any secondary purpose. Glascott v. Lang, 2 Phil. Ch. 310. Amendments may indubitably be granted, in certain cases, to obviate such defects, but until the defect is remedied, the rule is established, that if the proofs go to matters not within the allegations, the court cannot judicially act upon them as a ground for its decision, for the well-assigned reason that the pleadings do not put them in contestation. Harrison. v. Nixon, 9 Pet. [34 U. S.] 502; Gordon v. Gordon, 3 Swanst. 472. Matters other than those alleged may well be dismissed in such a case, for the reason that no such issue is tendered by the complainant, and it is well-settled law that affirmative relief will not be granted in equity upon any ground not made a distinct allegation in the bill, so that it may be put in issue by the pleadings. Voorhees v. Bonesteel, 16 Wall. [83 U. S.] 29; Warren v. Van Brunt, 19 Wall. [86 U. S.] 654. Recovery must be had, if at all, upon the case made in the pleadings, and cannot be had upon any other ground. Grosholz v. Newman, 21 Wall. [88 U. S.] 488. None of these views are intended to controvert the proposition that a party may frame his bill in an alternative form, or that such a bill may be maintained, if the title to relief will be the same in either alternative, although the case is presented upon allegations resting on entirely distinct and independent grounds. Gerrish v. Towne, 3 Gray, 86. Attempt is made in argument to bring the case within that rule, but the court is unhesitatingly of the opinion that the true construction of the allegations contained in the bill utterly forbids the adoption of that theory.

Notice is given by the complainants that they will ask leave to amend in case the decision is adverse to their views, and, in order to give them an opportunity to submit such a motion, the entry of the decree will be deferred. Unless such a motion is seasonably made, the respondents will be entitled to a decree that the bill of complaint be dismissed with costs, but without prejudice.