# NELS S. HEIDAHL v. GEISER MANUFACTURING COMPANY.[1]

October 28, 1910.

Nos. 16,815—(155).

**Assumption of mortgage by grantee in conveyance — effect of satisfaction of mortgage.**

> When real estate is conveyed subject to a mortgage, and the grantee assumes payment of the mortgage debt, the relation of principal and surety is established between the parties, the grantee becoming the principal and the mortgagor the surety; and the satisfaction of the mortgage by the mortgagee, with knowledge of such conveyance, releases the mortgagor from the mortgage debt.

Action in the district court for Pope county to recover $1,350 for the wrongful taking of certain of plaintiff's property. The answer set up that defendant foreclosed a chattel mortgage made by plaintiff and another to secure the payment of nine promissory notes, bid in the mortgaged property, and thereupon took possession of it. The reply set up the real estate mortgages mentioned in the opinion, the conveyances and other facts stated in the first paragraph of the opinion, and plaintiff's discharge from his debt by reason of these facts. The case was tried before Flaherty, J., who found that the foreclosure proceedings were void, that the taking of the personal property constituted conversion, and that plaintiff was entitled to damages in the sum demanded. From an order denying

[1]Reported in 127 N. W. 1050.

[Note] Release of mortgagor as surety by mortgagee's dealings with vendee who has assumed the mortgage, see note in 16 L.R.A. 85.

a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed.    Affirmed.

*Benton, Molyneaux & Morley,* for appellant.

*Henry T. Ronning,* for respondent.

LEWIS, J.

Respondent purchased a threshing machine outfit from appellant, and executed a chattel mortgage to secure the payment of purchase-money notes, and also executed a mortgage upon eighty acres of land as security.   He then sold and conveyed the real estate by warranty deed to one George Washburn, subject to the mortgage to appellant, and also subject to a prior mortgage of $1,000.   Washburn assumed the payment of both mortgages as a part consideration of the purchase price, and then conveyed the premises to Ida Ganske, subject to both mortgages, and she assumed their payment as a part consideration of the purchase price.   The first mortgage was then foreclosed, and a few days before the expiration of the time to redeem a representative of appellant company entered into an agreement with Ida Ganske by which the company received $250 in cash and satisfied the mortgage.   Appellant, claiming that the balance of the original notes given on the purchase of the threshing outfit had not been paid, foreclosed the chattel mortgage and bid in the property.

Respondent then commenced this action in replevin to recover the property, or its value.   The court found, in addition to the facts above stated, that at the time appellant satisfied the real estate mortgage it had full knowledge of the conveyance by respondent to Washburn, and by him to Ganske, and of the fact that in each deed the grantee assumed and agreed to pay both mortgages.   The court also found that the real estate was equal in value to more than the amount of both mortgages.   Ganske alone redeemed.

It is contended by appellant that its representative, who delivered the satisfaction in consideration of $250, was a mere collecting agent, and had no authority to deliver it without payment of the full amount of the indebtedness, and, further, that the satisfaction was obtained by fraud and surrendered without consideration.   Mr.

Kutz testified at the trial that his business was that of collecting and adjusting claims for appellant, and so far as the record shows he was acting within his authority in this instance. There is no evidence to sustain the charge that the satisfaction was obtained from him by any fraudulent practices, and whether he accepted the $250 because he was doubtful of the value of the real estate, or because he relied on the chattel mortgage, is not material. He was fully informed of the state of the title, viz., that both Washburn and Ganske had assumed payment of the debt; and, having caused a satisfaction of the mortgage to be made, appellant is bound by the legal result.

It is the law that where a purchaser of real estate assumes, as a part of the consideration of the purchase, an existing mortgage upon the property, then, as to the mortgagee with knowledge of the fact, the purchaser becomes the principal, and the mortgagor a surety. The mortgagor had a right to assume that the real estate would be held for the payment of the debt. He did not consent to the release, and consequently the debt was discharged as to him. 1 Jones, Mortgages, § 741; Groesbeck v. Mattison, 43 Minn. 547, 551, 46 N. W. 135; Nelson v. Munch, 28 Minn. 314, 9 N. W. 863. The relation of principal and surety was not changed by the fact that the real estate mortgage executed by respondent contained a covenant against incumbrances, and the case of Sandwich Mnfg. Co. v. Zellmer, 48 Minn. 408, 51 N. W. 379, has no application. The facts as found by the court are sustained by the evidence, and respondent was entitled to recover.

Affirmed.