PIPE CREEK SCHOOL TOWNSHIP ET AL. v. WAGLER ET AL.

[Filed April 23, 1924.]

1. MUNICIPAL CORPORATIONS.—*Taxpayers' Right to Sue for.—Rule Stated.*—Taxpayers may sometimes be admitted to sue on behalf of a municipal corporation when its officers refuse to do so, and may sometimes take up and carry forward pending litigation which the officers wrongfully abandon, on a sufficient showing of cause for being permitted to intervene. p. 497.

2. APPEAL.—*Petition to Transfer to Supreme Court.—After Expiration of Time.*—A petition to transfer a cause from the Appellate Court to the Supreme Court filed more than eight months after the expiration of the time for filing will be denied where there was no showing of diligence in the effort to file it in time. p. 498.

From Miami Circuit Court; *B. C. Moon,* Special Judge.

Action for injunction by Franklin C. Wagler and others, as taxpayers of Pipe Creek School Township, Miami county, against the trustees and advisory board of said township. From a judgment for plaintiffs, the defendants appealed to the Appellate Court (No. 11,491). Certain taxpayers filed petition to transfer the cause to Supreme Court. *Petition dismissed.*

*Guy R. York, Albert H. Cole, Hurd J. Hurst* and *Long & Yarlott,* for appellants.

*Russell J. Wildman, Tillett & Lawrence, George E. Ross, Kistler, Kistler & McHale* and *Andrews & Rhodes,* for appellees.

PER CURIAM.—Appellees Wagler and Smith, jointly with their co-appellee, recovered a judgment for an injunction and their costs against the appellant

1. township, after having given an injunction bond which they signed, and having obtained a restraining order that was afterward dissolved. After an opinion reversing the judgment had been filed by the Appellate Court and then withdrawn, Wagler, as the newly elected trustee of the appellant township, and Smith and two others, as its newly elected advisory board, respectively, filed motions asking the Appellate Court to dismiss the appeal. Certain tax-payers of the township tried to intervene, and filed written objections to its dismissal, by which they suggested matters of public interest and necessity, and charged that the newly elected officers of the township were acting in their own interest as against the interest of the township in dismissing its appeal from a judgment in their favor. The Appellate Court sustained the motion to dismiss, saying that "only parties to an action or their

privies can be heard" (81 Ind. App. ——, 139 N. E. 295). This was not an accurate statement of the law as applied to the facts shown by the written objections to a dismissal of the appeal, because tax-payers may sometimes be admitted to sue on behalf of a municipal corporation when its officers refuse to do so, and may sometimes take up and carry forward a pending litigation which the officers wrongfully abandon, upon a sufficient showing of cause for being permitted to intervene. *Miller* v. *Jackson Tp.* (1912), 178 Ind. 503, 511, 99 N. E. 102, and authorities there cited. *State, ex rel.,* v. *Blind* (1914), 181 Ind. 689, 695, 105 N. E. 225.

But the tax-payers who presented those objections failed to file a petition to transfer the cause to this court within 30 days after their petition for a rehearing was overruled. More than eight months after the time allowed by law for filing a petition to transfer had expired, and after members of this court, when hearing an oral argument, had suggested that the petition filed by other parties did not present the questions argued, a verified motion for leave to file such a petition on behalf of the tax-payers was presented, stating that a proper petition on their behalf was deposited in the United States mail, in due time, addressed to the clerk of this court at Indianapolis. But there was no showing whatever of diligence, even if this court would have power under any circumstances to relieve a party from the consequences of failing to file his petition in time; a question that we need not consider and do not decide. The offered petition by the tax-payers cannot be received.

The other parties to the judgment who did not appeal have no grounds on which to demand that the cause be transferred to this court.

The petition to transfer must be and is dismissed.