# HARRY L. BURSELL v. CHARLES MORGAN AND OTHERS.[1]

November 14, 1930.

No. 28,072.

*McCune & McCune,* for appellant Morgan.
*Leo J. Seifert,* for appellant Krumholz.
*E. H. Nicholas,* for respondent.

[1]Reported in 233 N. W. 12.

Olsen, C.

Defendants Charles Morgan and Frank E. Krumholz appeal from a judgment of the district court.

In 1918 Nellie A. Betts was the owner of the southeast quarter and the north half of the southwest quarter of section 12, township 104, range 30, in Martin county, Minnesota. There was a mortgage for $6,000, given by her, upon the south half of the southeast quarter and the north half of the southwest quarter. On March 1, 1918, she sold and conveyed the southeast quarter to Charles Morgan and Dick Peters. As part of the consideration therefor, the purchasers agreed to assume and pay the entire mortgage of $6,000, and such agreement was embodied in the deed. On June 5, 1918, Morgan and Peters sold and conveyed this southeast quarter to Frank C. Krumholz, and he, as part of the consideration therefor, in like manner assumed and agreed to pay the $6,000 mortgage. On February 27, 1920, Krumholz sold and conveyed the land to Clifford E. Jones and Marshall C. Dalton, and, as part of the consideration therefor, they in like manner assumed and agreed to pay the $6,000 mortgage. There was other land and another mortgage involved in these transactions, not necessary to consider here.

Nellie A. Betts retained title to the north half of the southwest quarter, and on August 29, 1922, by contract in writing, sold and agreed to convey the same to plaintiff, by warranty deed, free from all encumbrances except a specified drainage lien. She died before making the conveyance. By her will she devised the land to her son, Frank A. Betts, subject to plaintiff's contract. Plaintiff paid the full purchase price of the land, and it was conveyed to him by Frank A. Betts on September 16, 1924. The deed to plaintiff, as reformed by the court, conveyed the land free from all encumbrances except the ditch lien. None of the parties obligated to pay the $6,000 mortgage paid it, and it was foreclosed by sale of the mortgaged land on October 9, 1926. The 80 acres owned by plaintiff was sold separately for $1,992.76. In order to protect his title plaintiff was obliged to redeem his land by payment of the $1,992.76 and the interest thereon from the date of sale up to the time of redemption. Plaintiff then brought this action to recover from the defendants

Charles Morgan, Dick Peters, Frank C. Krumholz, Clifford E. Jones, and Marshall C. Dalton the amount he was so compelled to pay to redeem his land from the mortgage sale. The court granted judgment in plaintiff's favor against these defendants, except Peters, who apparently was not served with summons.

In addition to what has been stated, the court found as facts that on April 5, 1922, the defendants Jones and Dalton and Nellie A. Betts applied in writing to the holder of the $6,000 mortgage for an extension of the time of payment thereof, and that thereupon, on May 3, 1922, the application was granted and the time of payment of the mortgage extended for a period of five years; that at said time Nellie A. Betts had full notice and knowledge of the conveyances made by Morgan and Peters to Krumholz and by Krumholz to Jones and Dalton, and of the agreement to assume and pay the mortgage contained in each of these deeds; that the defendants Morgan and Krumholz had no notice or knowledge of the extension agreement above mentioned and never consented thereto.

There are no disputed questions of fact, and it is conceded that the facts are correctly found by the court. The only question at issue is whether the facts found sustain the conclusions of law and judgment. Counsel for defendant Krumholz in his brief states:

"The question of law for the determination by this court is the same as to both Morgan and Krumholz. Therefore we submit the same argument on behalf of appellant Krumholz as that submitted by appellant Morgan in his brief."

We have therefore only to consider whether the conclusions of law, as against defendant Morgan, are sustained by the facts found.

When Nellie A. Betts conveyed to Charles Morgan and Dick Peters and they assumed and agreed to pay the mortgage in question, they, as between the parties to the conveyance, became the principal obligors for payment of the mortgage debt and Nellie A. Betts became surety for them. Heidahl v. Geiser Mfg. Co. 112 Minn. 319, 127 N. W. 1050, 140 A. S. R. 493. A mortgage assumption clause in a deed imposes a direct, primary liability and is not a mere contract of indemnity. The agreement imposes the same lia-

bility on the grantees in the deed as if they had given the mortgage. Peterson v. Herington, 169 Minn. 65, 210 N. W. 617.

It is not found by the court that the mortgagee had any notice or knowledge of the conveyance to Morgan and Dick or to Krumholz, or of the assumption agreement made by them. See Norton v. Metropolitan Life Ins. Co. 74 Minn. 484, 493, 77 N. W. 298, 539. The mortgagee would very properly require that Nellie A. Betts should consent to the agreement to extend the time of payment of the mortgage so as not to release her as surety for the debt. Did the fact that she consented to the extension agreement, or that it was made by Jones and Dalton without the consent of Morgan and Krumholz, relieve them from liability under their agreement to pay the mortgage? Plaintiff, so far as appears from the findings, had no part in or knowledge of the extension agreement. As between Nellie A. Betts and Morgan, she was only a surety and Morgan was the principal debtor.

■ The rule that an extension of time of payment of a debt releases an obligor not consenting thereto appears to be limited to a release of a surety by such extension being granted to the principal. 3 Pomeroy, Eq. Jur. (2 ed.) note, pp. 1845, 1846, citing Tripp v. Vincent, 3 Barb. Ch. 613, holding that the mortgagee may release the mortgagor, and a grantee who has assumed the mortgage debt is not thereby released, since a release of a surety by the creditor in no way affects the liability of the principal debtor. As to Nellie A. Betts, an extension agreement by the mortgagee, made with her, would not release Morgan or Krumholz. They were in no sense sureties for her. Plaintiff, so far as appears, had nothing to do with or any knowledge of the extension agreement. Morgan and Krumholz were not sureties on any debt owing by him. The mortgagee is not shown to have had any knowledge of the relation of Morgan or Krumholz to the land or the mortgage. The burden rested on Morgan and Krumholz to prove that they were released. The facts found do not sustain their claim.

■ It is urged that plaintiff is not in privity, either by contract or estate, with Morgan or Krumholz, and that the assumption agree-

ments do not run with the land. Clement v. Willett, 105 Minn. 267, 117 N. W. 491, 17 L.R.A.(N.S.) 1094, 127 A. S. R. 562, 15 Ann. Cas. 1053. But the principles of equity as to subrogation and equitable relief do not depend wholly on contract or privity of estate. The equity doctrine applies where a party is compelled to pay the debt of a third person to protect his own rights or save his own property. Ellsworth v. Lockwood, 42 N. Y. 89; Cole v. Malcolm, 66 N. Y. 363; Slade v. Van Vechten, 11 Paige, 21; Graham v. Dickinson, 3 Barb. Ch. 169. Clearly plaintiff would be entitled to recover against Nellie A. Betts, both on legal and equitable grounds. There is no difficulty in holding that he became subrogated to her rights against these defendants; and, as these defendants remained liable as to her, the plaintiff may enforce such liability.

Judgment affirmed on both appeals.