STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, APPEL-LEE, V. AMERICAN BANK OF MITCHELL, APPELLEE: OLIVER P. BURROWS, APPELLANT.

FILED NOVEMBER 5, 1931. No. 27900.

*Raymond & Fitzgerald,* for appellant.

*Mothersead & York, contra.*

Heard before ROSE, GOOD, DAY and PAINE, JJ., and BEGLEY, District Judge.

PAINE, J.

A taxpayer, being dissatisfied with the action of the re-

ceiver of the American Bank of Mitchell in classifying a claim for his school district's deposit as a general claim, filed his amended petition of intervention in the district court, asking that the claim be reclassified and that his school district be declared to be entitled to a preferred claim and lien upon the cash fund and assets of said bank. To this an answer was filed by the receiver and thereafter an amended reply was filed, and upon a demurrer being argued to the amended reply the demurrer was sustained and the amended petition of intervention of the taxpayer was dismissed. From this final order of dismissal the intervener prosecutes this appeal.

The American Bank of Mitchell became insolvent and closed its doors January 4, 1930, at which time the school district of Mitchell, Nebraska, had on deposit in a checking account in said bank the sum of $7,000. To secure the deposits of such funds the school district had required a bond in the sum of $10,000, which bond was dated May 11, 1929, and is set out as exhibit A attached to the amended reply herein, and which bond was executed by three of the directors of said bank.

Upon the failure of said bank the treasurer of said school district filed a claim for the $7,000 deposit in the receivership proceedings and the receiver classified this claim as a general claim only and refused to classify said claim as a preferred claim.

Oliver P. Burrows, a resident and taxpayer of school district No. 31 of Scotts Bluff county, which includes the city of Mitchell, made oral demand upon the treasurer and upon the board of education to further prosecute said claim. The said board refused to take action therein and instructed its attorney to proceed no further. Thereupon said taxpayer filed his amended petition of intervention, in which he alleges that the said bank and all of its officials had notice and actual knowledge that said funds were the funds of the school district and that they constituted public funds, and that said bank officers wrongfully mingled said funds with the cash funds of the bank, knowing the same constituted a special deposit, and that at the time of the clos-

ing of the bank $7,000 remained in said account, no part of which has been paid; that including the funds of said school district there remained in cash at the time of the closing of said bank the sum of $17,000, which funds were turned over to Clarence G. Bliss, receiver.

In the answer filed by the receiver it is alleged that all of the deposits of said school district in said bank were protected by a special depositary bond executed to said district, and that the officers of said district have brought action upon said bond for the collection of the amount of its deposit, and that said taxpayer has no right or authority to maintain his petition of intervention and thereby direct what course shall be pursued in the recovery of the funds of said district from the receiver. An amended petition of intervention was filed, and later the plaintiff was allowed to file an amended reply, in which he denied that the deposits were made at the direction of the school district or protected by the bond, and alleges that neither the directors nor officers of said bank were authorized or had power to make and deliver the alleged bond, and that it is necessary that appeal be taken from the order of classification entered by the receiver, and prays that the claim be allowed and paid as a preferred claim. To this amended reply a demurrer was filed, as allowed by section 20-803, Comp. St. 1929, and the demurrer was sustained by the district court.

It is set out in the brief of the appellee that after the filing of the petition of intervention an action was brought by the school district upon the bond, which was tried and the school district obtained judgment for the full amount of its deposit against the bondsmen, but that an appeal has been taken therefrom and such case is now pending in this court.

The only issue involved in this case is whether a resident taxpayer may intervene in this action for the purpose of bringing the classification made by the receiver before the district court for a review. It is contended that in Nebraska collectors and receivers of public funds are mere custodians thereof. In *State v. Midland State Bank,* 52 Neb. 1, it was held:

"It is not within the power of the treasurer of a school district by a general deposit of funds held by virtue of his office to create between such district and his banker the relation of debtor and creditor.

"A banker by receiving on deposit from a school district treasurer funds known to be held by the latter in his official capacity becomes thereby a trustee for the beneficial owner with respect to such funds, and the same may, upon his insolvency, be recovered by the owner as a preferred claim against his estate."

In a comment upon the last above case in *State v. Citizens State Bank,* 117 Neb. 358, it was said "that, before priority could be declared against the general assets of the trustee, it must be shown that assets of the particular character of the trust property, *e. g.* cash, are included in the general assets."

The school district in this case had filed a claim with the receiver and the receiver had refused to allow the same as a preferred claim, and upon the district failing to appeal therefrom this taxpayer intervened for the sole purpose of continuing a proceeding which they had initiated.

Section 20-328, Comp. St. 1929, states: "Any person who has or claims an interest in the matter in litigation * * * in any action pending or to be brought in any of the courts of the state of Nebraska, may become a party to an action between any other persons or corporations, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendants in resisting the claim of the plaintiff, or, by demanding anything adversely to both the plaintiff and defendant, either before or after issue has been joined in the action, and before the trial commences." And in *Engdahl v. Laverty,* 110 Neb. 672, it holds that this statute permitting intervention before trial does not prevent a court of equity from allowing intervention after the trial has begun.

The Indiana case of *Pipe Creek School Tp. v. Wagler,* 194 Ind. 496, refers to some earlier cases and lays down the rule as follows: "Taxpayers may sometimes be admitted to sue on behalf of a municipal corporation when

its officers refuse to do so, and may sometimes take up and carry forward pending litigation which the officers wrongfully abandon, on a sufficient showing of cause for being permitted to intervene." See *Sheibley v. Fales,* 81 Neb. 795; *Shepard v. Easterling,* 61 Neb. 882; *State v. Farmers State Bank, ante,* p. 532.

It seems clear to this court that the taxpayer had a perfect right to intervene and appeal on behalf of the school district from the classification made by the receiver. The school district had a right to pursue its remedy of filing a claim to have its deposit declared a preferred claim and paid in full out of the assets on hand at the time of the failure of the bank. And a taxpayer who was individually affected by the failure to appeal from the receiver's adverse classification had a right to intervene. In this case it is shown by the pleadings that the district officers in the exercise of their judgment decided not to appeal from the receiver's classification of its claim as a general claim only. The school district has elected to proceed in another manner. It is, of course, evident that one may have several actions upon the same claim and obtain judgments thereon, but in all such cases there can be but one satisfaction and when and if the school district receives the sum of $7,000 or whatever is found due it for this bank deposit it can secure no more.

The judgment of the district court in sustaining the demurrer to the amended reply and dismissing the case is hereby

REVERSED.