SCHOOL DISTRICT OF MITCHELL, APPELLEE, v. E. A. CURRIE: WILLIAM LEDINGHAM ET AL., APPELLANTS.

FILED DECEMBER 31, 1931. No. 27920.

*Raymond & Fitzgerald,* for appellants.

*Mothersead & York, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

This is an action on a depository bond; plaintiff is the obligee and defendants sureties thereon. Plaintiff had judgment. Defendants have appealed.

This is a companion case to *Liberty High School District v. Currie, ante* p. 173, decided at the present sitting of the court. The nature of the action and the defendants are the same, but a different school district is plaintiff.

The pertinent facts are similar to those in the above case with this exception: In the instant case, the district presented to the receiver a claim for the deposit, which he classified as a general instead of a preferred claim. The district refused to appeal from the receiver's action; whereupon a taxpayer of the district filed a petition in intervention and sought, unavailingly, in the district court to prosecute the claim on behalf of the school district. That proceeding was appealed to this court, and it was held that the taxpayer was authorized to prosecute the claim in the name of the district. *State v. American Bank of Mitchell,* 121 Neb. 862.

One other question of law is argued in this case, in addition to those presented and decided in *Liberty High School District v. Currie, supra.* Defendants argue that it was the duty of the plaintiff to protect the defendants in this action by prosecuting its claim against the receiver for a preference, and, had it done so, it might have recovered the full amount of its deposit, without resorting to an action on the bond. True, the plaintiff might have prosecuted an appeal from the receiver's decision, but was

not obliged so to do. Mere forbearance to prosecute an appeal will not release the defendants.

In *Eickhoff v. Eikenbary*, 52 Neb. 332, it was held: "Mere forbearance by a creditor to sue a principal will not release the latter's sureties; and this is true although by lapse of time remedies may be lost against the principal." Plaintiff had a right to pursue either or both remedies. It might have more than one judgment, but could have but one satisfaction of its claim. *State v. American Bank of Mitchell, supra.* If defendants had desired to protect themselves by prosecuting a claim for a preference, they might have done so by paying the amount of the deposit and thereby been subrogated to the rights of plaintiff. This they failed to do.

The other propositions of law presented on this appeal are fully disposed of in *Liberty High School District v. Currie, supra.*

We find no error in the record. Judgment

AFFIRMED.