SCHOOL DISTRICT OF CITY OF BAYARD, APPELLEE, v. WILLIAM W. VANATTA ET AL., APPELLANTS.

FILED MAY 6, 1932. No. 28129.

*Neighbors & Coulter,* for appellants.

*R. O. Canaday* and *F. E. Williams, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

This was an action at law brought by the School District of the City of Bayard, appellee herein, against William W. Vanatta, R. Frank Durnal, and Earl R. Vanatta, appellants, upon a bond signed by appellants, given to secure a deposit of funds made by the school district in reliance thereon in a state bank of which appellants were officers and stockholders. The petition, in appropriate language, set forth this bond, together with the terms of an agreement supplemental thereto, and also facts showing a breach of the conditions of the obligation by the defendants, appellants, with a prayer for relief consistent with the terms of the bond. To this the defendants, in the district court, filed an answer which, in effect, admitted the execution of the instrument sued upon, but challenged the legal capacity of the plaintiff to sue; alleged there was a defect of parties plaintiff; that the several causes of action in the petition set forth were improperly joined; that the alleged contracts sued upon were in excess of the powers vested in the district to make; and that the bond upon which the action was based had, under the express terms of the statute, expired January 1, 1929, prior to the commencement of the action.

To this answer appellee, plaintiff, filed a general demurrer, which was sustained by the trial court. Defendants electing to plead no further, judgment was entered in accordance with the prayer of the petition. Defendants appeal.

It may be said that these proceedings were had in the trial court prior to the announcement of the views of this tribunal in *State v. American Bank of Mitchell,* 121 Neb. 862; *Liberty High School District v. Currie,* 122 Neb. 173, and *School District v. Currie,* 122 Neb. 176. The doctrines announced in these cases, and upon which they proceeded, are controlling in the instant case. This court is committed to the view that a bond given by a state bank to secure a school district deposit is a valid obligation of the sureties, notwithstanding the absence of statute expressly authorizing such deposit; and also that

the statute providing that all depository bonds shall expire on January 1 of each year is inapplicable to school district deposits and to the bonds given to secure the repayment thereof.

It also appears from a careful examination of the petition that it is not vulnerable to the objection that it contains "several causes of action which are improperly joined."

It follows that the judgment of the district court is right, and it is

AFFIRMED.