E. H. LUIKART, RECEIVER OF BANK OF OTOE, APPELLANT, V. SCHUYLER H. BUCK ET AL., APPELLEES.

FILED DECEMBER 23, 1936. No. 29768.

*Moran & James, F. C. Radke* and *Howard L. Holtzendorff*, for appellant.

*W. W. Wilson, Allen Wilson* and *I. D. Beynon, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY and CARTER, JJ., and MESSMORE, District Judge.

GOOD, J.

In this action plaintiff seeks to be subrogated to the rights of School District No. 78 of Otoe county on the official bond of the district's treasurer and for a money judgment against the principals and sureties on such bond. A demurrer to plaintiff's amended petition was sustained by the trial court. Plaintiff elected not to further plead, and the action was dismissed. Plaintiff has appealed.

The facts pleaded and relied upon to support plaintiff's alleged right of subrogation, as they appear in the petition, are: Moneys belonging to the school district and in the possession of its treasurer were deposited in the Bank of Otoe, which became insolvent, and the district was awarded a claim against the receiver of that bank for a trust fund, payable out of the assets in the hands of the receiver before the claims of depositors and of general creditors of the bank. This claim was duly adjudicated and paid by the receiver as a trust fund. Plaintiff now alleges that Buck, the treasurer, withdrew $894 while the bank was a going concern and embezzled the amount, and that the bank hav-

ing paid the entire deposit, including the $894, is entitled to be subrogated to the rights of the school district against Buck and his bondsmen, on the theory that the district had open to it an action upon the bond of the treasurer, as well as a claim for a trust fund against the insolvent bank; that it elected to pursue its remedy against the bank for the trust fund, and the receiver having paid it is, in equity, entitled to be subrogated to the rights of the district and to recover on the bond of Buck the sum of $894.

Subrogation is of two kinds—legal and conventional. Legal subrogation is allowed in cases where one who pays the debt of another stands in the situation of a surety and is compelled to pay the debt to protect his own rights. Conventional subrogation results from an agreement of the parties that the persons paying will be subrogated. 2 Story, Equity Jurisprudence (14th ed.) 110, sec. 706; *State v. Citizens State Bank*, 118 Neb. 337, 224 N. W. 868; *State v. Holdrege State Bank*, 110 Neb. 814, 195 N. W. 120. The record presents nothing that would in any wise indicate the applicability of the doctrine of conventional subrogation. In the following discussion reference is made solely to legal subrogation.

"To entitle one to subrogation his equity should be strong and his case clear. * * * The person seeking subrogation must act fairly and equitably and be free from fault. It will not be allowed * * * where he would derive an advantage from, or establish his claim through, his own negligence or, in any way, would thereby reap advantage from his own wrong-doing, or from the wrongful act of one under whom he claims." 60 C. J. 708. "The object of subrogation is the prevention of injustice. It is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, ought to pay it." 60 C. J. 697.

"The doctrine of subrogation applies where a party is compelled to pay the debt of a third person to protect his own rights or to save his own property." *Cole v. Malcolm*,

66 N. Y. 363. See *Bursell v. Morgan,* 181 Minn. 462, 233 N. W. 12 ; *Brown v. Sheldon State Bank,* 139 Ia. 83, 117 N. W. 289.

The right of subrogation never follows an actual primary liability, and one who discharges a primary liability has no right of subrogation against another. In such cases payment is an extinguishment of the liability. 60 C. J. 712. In Nebraska, a school district treasurer's sole authority for deposit in a bank of school funds is found in the statutes, and to make a legal deposit by such officer the statutory requirements must be complied with.

In *Lincoln Nat. Bank & Trust Co. v. School District,* 124 Neb. 538, 247 N. W. 433, it was held : "Bank receiving deposit of funds of school district treasurer, who is also active managing officer of the bank, holds such funds as trustee." This holding was reaffirmed in *State v. Bank of Otoe,* 125 Neb. 414, 250 N. W. 547.

In *State v. State Bank of Touhy,* 122 Neb. 582, 240 N. W. 925, it was held, in effect, that trust funds in an insolvent bank are not the property of the bank and are not assets of the bank distributable to its depositors or creditors. In the opinion it was said (p. 584) : "The proceeds constituted trust funds which belonged to claimant pending the execution of the trust—an unperformed duty of the trustee. The trust funds never became the property of the bank and are not assets distributable to depositors." See, also, *State v. Farmers State Bank,* 121 Neb. 532, 237 N. W. 857 ; *State v. American Bank of Mitchell,* 121 Neb. 862, 238 N. W. 753.

Applying the principles above quoted to the facts disclosed by the record, it clearly appears that the funds deposited in the bank could not have been deposited in the manner and under the circumstances prescribed by statute. The deposit of the school funds was a wrongful act. The bank participated in the wrongful act. The funds so deposited never became the property of the bank and were not part of its assets. It held the funds only in trust for the school district and did not perform that trust until

compelled to do so by the judgment of a competent court. The obligation to refund or pay to the school district was a primary obligation of the bank, and when it paid under compulsion it paid only the obligation for which it was primarily liable. It was not discharging the debt of another wherein it stood in the position of a surety. It was not discharging a debt for which another was liable to protect itself or its rights.

The pleaded facts are insufficient to warrant the application of the doctrine of subrogation. The trial court properly sustained the demurrer and dismissed the action.

AFFIRMED.