STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V. STATE BANK OF TOUHY: E. H. LUIKHART, RECEIVER, APPELLEE: FRANK J. ZETOCHA, INTERVENER, APPELLANT.

FILED FEBRUARY 19, 1932. No. 28179.

*Julius J. Zitnik,* for appellant.

*F. C. Radke, Barlow Nye* and *M. Craft Radke, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

In a proceeding in the district court for Saunders county to wind up the affairs of the State Bank of Touhy, an insolvent banking corporation, Frank J. Zetocha, intervener and claimant, presented a petition for the allowance of

$4,305.78 as a preferred claim for a trust fund payable in full out of the general mass of assets in the hands of the receiver. The trial court found that the proceeds of the check were not trust funds but deposits entitling claimant to share bank assets as a depositor. From a judgment based on that finding intervener appealed.

The question presented by the appeal is the validity of the claim for a trust fund. The material facts are not in dispute. The claim arose in the following manner: Claimant owed the Prudential Insurance Company a debt of $4,305.78. To make payment he borrowed that amount, received from the lender a check therefor, turned the check over to the bank and directed the officer in charge to remit the money to the Prudential Insurance Company's agent at Fargo, North Dakota. The check in possession of the bank was the equivalent of money, which it used for its own benefit, without making the remittance directed by claimant. Later the bank went into the hands of a receiver.

The receiver takes the position that the check was deposited by claimant and relies on evidence that it was so entered on the bank records; that claimant had a checking account in the bank; that he accepted a duplicate deposit slip therefor.

It is a stipulated fact that claimant instructed the officer in charge of the bank to remit the $4,305.78 to the agent of the Prudential Insurance Company at Fargo. Claimant used the check for the sole purpose of paying his debt by bank remittance. What the banker entered on the books and on the so called "deposit slip" to the contrary was the work of the bank and did not record the consent of claimant to a deposit. If the amount of the check was a mere credit on the checking account of claimant, the bank could not have used the funds for the remittance directed by him without his personal check, which was never drawn. What was called a "deposit slip" amounted to no more than a receipt for the check delivered to the bank for the sole purpose of providing the means for the re-

mittance ordered. The bank received the check as a trustee, converted the proceeds, used them for banking purposes, and is accountable as trustee. The proceeds constituted trust funds which belonged to claimant pending the execution of the trust—an unperformed duty of the trustee. The trust funds never became the property of the bank and are not assets distributable to depositors. The ruling on intervener's claim is controlled by the opinion in *State v. Farmers State Bank*, 121 Neb. 532.

The judgment of the district court is reversed and the cause remanded for a decree directing the receiver to pay intervener's claim in full out of assets of the bank.

REVERSED AND REMANDED FOR SPECIFIC DECREE.

PAINE, J., concurs in the result.

GOOD and EBERLY, JJ., dissent.