STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, APPELLEE, v. CITIZENS STATE BANK, APPELLEE: EDWARD J. BREDENBERG ET AL., INTERVENERS, APPELLANTS.

FILED MARCH 16, 1933. No. 28412.

*Schiefelbein & Donato* and *H. A. Bryant,* for appellants.

*F. C. Radke, Barlow Nye, G. E. Price, C. M. Skiles* and *J. F. Berggren, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Eberly, Day and Paine, JJ.

Paine, J.

Three petitions in intervention to establish preferred claims against the assets of the insolvent Citizens State Bank of Wahoo, Nebraska, were consolidated and tried as one case. The trial court gave the interveners a preferred claim upon a $3,500 mortgage and $175 interest collected thereon, and gave claimants a general claim against the bank for $9,500. Two errors, set out in the brief of the appellants, are that the judgment is contrary to the evidence, and contrary to the law.

There is no dispute about the facts in the case, for the parties entered into a long stipulation in reference thereto. Briefly stated, Pete Pearson made, executed and delivered to the Citizens State Bank of Wahoo, upon February 29, 1924, three notes, two for $5,000 each and one for $3,000, which notes were secured by three first mortgages upon land which he owned in Saunders county, Nebraska. This being leap year, the notes were made payable March 1, 1929. The bank thereupon sold and delivered to Mary Hull and to Edward J. Bredenberg each a $5,000 note, and sold the remaining $3,000 note to George W. Beadle, and the said purchasers having paid full value therefor, the bank executed and delivered to them assignments of the mortgages securing their respective notes.

Upon November 5, 1928, the said Pete Pearson paid $2,000 upon the $3,000 note sold to George W. Beadle, making the payment to the bank, which upon November 6, 1928, issued its certificate of deposit for said $2,000, being certificate No. 14617, and the cashier of said bank thereupon placed said certificate of deposit in the safe deposit box of said George W. Beadle, intervener, who had no knowledge of said payment of $2,000, or the issuance of said certificate of deposit, until April 17, 1930, when said bank was closed by the department of trade and commerce.

Upon February 28, 1929, the said Pete Pearson paid to said bank the balance of $1,000 upon the note owned by George W. Beadle but the records of said bank do not disclose the disposition of the said $1,000 so paid, but George W. Beadle never received credit in his account for said $1,000.

Upon March 1, 1929, the three mortgages originally given to secure the $13,000 loan were each released of record, and the said Pete Pearson executed new notes and mortgages to the said bank for the balance due from him of $10,000, being evidenced by two notes for $3,500 each and one for $3,000, and all of said new notes and new mortgages were payable to the said bank, which sold one note for $3,500 to C. M. Anderson, who is still the owner and holder thereof, and sold the new $3,000 note to Sophia Nethaway Hapke, who is now the owner and holder thereof, and at the time of the closing of said bank the remaining note for $3,500 was placed on the inventory as an asset found in the failed bank.

The interveners, Mary Hull and Edward J. Bredenberg, who had each purchased one of the original $5,000 notes, are still the owners and holders of said notes, and have never received any payments thereon.

In open court, Mr. H. A. Bryant offered to accept the $2,000 certificate of deposit which had been issued by the bank November 6, 1928, in payment of that amount of his claim of $3,000, but no record of any acceptance of this offer is shown.

The trial judge, at the close of the argument, entered a judgment, in which he set out all of the facts hereinbefore stated, and also showed the payment by Pete Pearson to the receiver of $175 interest upon the $3,500 note and mortgage retained by the bank. He found that the three interveners were the owners of this $3,500 note and the interest collected thereon, of $175, and that the ownership thereof was 3/13 in George W. Beadle and 5/13 in Mary Hull and 5/13 in Edward J. Bredenberg, and directed the receiver to assign and turn over the note

and mortgage to the three claimants, and to pay in the above proportions to each of the three interveners their share of the $175 held by him, and that for the remainder of their claim of $9,500 they had a general claim against the bank in the same proportions as hereinbefore stated.

1. We will first consider the receipt by the bank on February 28, 1929, of a payment by Pete Pearson of $1,000 as payment upon the note owned by George W. Beadle. In this case the records of the bank do not disclose any record whatever of the receipt of this payment. This payment did not increase the funds of the bank in any way.

"A person asserting a claim for preference against an insolvent estate has the burden of showing that such estate has been increased, to some extent, by the misappropriation of trust funds or property belonging to the claimant." *Morrison v. Lincoln Savings Bank & Safe Deposit Co.*, 57 Neb. 225. See *Gering v. Buerstetta*, 118 Neb. 54.

"A *cestui que trust*, who seeks a preference out of the estate of an insolvent national bank in the hands of a receiver, must clearly prove that the trust property, or its proceeds, went into a specific fund or property which came into his hands." *Central Nat. Bank v. First Nat. Bank*, 117 Neb. 161.

For this payment of $1,000, the trial court allowed but a general claim. Under the proof, this court can do no more. There can be no preferential claim upon the assets of an insolvent bank on account of money paid to an officer in the bank, if said payment did not actually increase and augment the funds of said bank. *First State Bank v. Oelke*, 149 Ia. 662; *Zimmerli v. Northern Bank & Trust Co.*, 111 Wash. 624; *Beard v. Independent District of Pella City*, 88 Fed. 375, 31 C. C. A. 562.

2. We will next consider the collection by the bank of the payment of $2,000 made to the bank for payment upon the note owned and held by George W. Beadle. In this case the bank immediately issued for said cash pay-

ment a certificate of deposit in the name of said George W. Beadle, and the said bank placed said certificate of deposit so issued in his safety deposit box. Of these facts he had no notice or knowledge until after the failure of the bank.

This court has very recently held: "Converted proceeds of a check delivered to and received by a bank for the sole purpose of paying a specific debt of the payee *held* trust funds payable in full from bank assets in the hands of the receiver, and not deposits." *State v. State Bank of Touhy,* 122 Neb. 582. See *Beard v. Independent District of Pella City,* 88 Fed. 375. See, also, *State v. Farmers State Bank,* 121 Neb. 532.

The decision of the district court is modified to the extent of declaring that George W. Beadle is entitled to a preference, as a trust fund, from the assets of said bank to the extent of $2,000, and no more. The decree of the district court should be modified to that extent, and to show that the ownership of the $3,500 mortgage and interest payment thereon is owned by Mary Hull 5/11, by George W. Beadle 1/11, and by Edward J. Bredenberg 5/11, and, as so modified, is hereby affirmed.

AFFIRMED AS MODIFIED.

GOOD, J., dissents.