STATE, EX REL. PAUL F. GOOD, ATTORNEY GENERAL, V. PLATTE VALLEY STATE BANK, E. H: LUIKART, RECEIVER, APPELLEE: SUSAN V. REEVES, INTERVENER, APPELLANT.

FILED JANUARY 15, 1936. No. 29492.

*Morrow & Morrow,* for appellant.

*F. C. Radke, Wright & Wright, L. T. Fleetwood* and *Barlow Nye, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and RAPER and PROUDFIT, District Judges.

GOOD, J.

In this proceeding Susan V. Reeves, intervener, seeks to have a claim against the insolvent Platte Valley State Bank adjudged to arise from a trust and entitled to preference over claims of general depositors. From an adverse judgment in the district court, she has appealed.

The record discloses the following pertinent facts: In March, 1931, there came into the possession of William S. Trumbull, as clerk of the district court for Scotts Bluff county, Nebraska, the sum of $1,904.75, the property of

intervener, which represented her share of the proceeds of lands sold in partition proceedings. On the same day Trumbull deposited the fund so received in the Platte Valley State Bank to his credit as such clerk, where it remained until the 30th of January, 1933.

Trumbull, as clerk of the district court, drew a check upon the Platte Valley State Bank, bearing date January 28, 1933, payable to the order of the Platte Valley State Bank, for $1,904.75, with this written memorandum on the face of the check above his signature: "Case No. 4684. Bates vs. Lacy, et al. For transfer to credit of Susan V. Reeves." On the same day that the check bears date Mr. Trumbull wrote the following letter to Mrs. Reeves:

"My Dear Mrs. Reeves:

"Re: Bates vs. Lacy (No. 4684)

"This is to advise you that we have placed the sum of $1,904.75, due you in the above case under the Court's decision therein rendered, to your credit in the Platte Valley State Bank of Scottsbluff, Nebraska. Under the order of the Court in this case finding that you were entitled to this sum of money this office was required to get your receipt for the same. We are enclosing a copy of the receipt, the original of which we are leaving at the bank with instructions at the bank to require you to sign this receipt upon turning the money over to you.

"Yours very truly,

"W. S. Trumbull,

"Clerk of the District Court."

Mr. Trumbull took the check and the original of the receipt, referred to in the letter, to the bank, and the vice-president of the bank made out a duplicate deposit slip showing deposit to credit of "Susan V. Reeves @ Bates vs. Lacy et al. Check By W. S. Trumbull, Clk. of Dist. Court $1,904.75." The duplicate was given to Mr. Trumbull. The receipt delivered at the same time to the bank was as follows:

"In the District Court of Scotts Bluff County, Nebraska.

"Celeste Bates and Ruben Bates,
                              Plaintiffs,
                vs.                                    Receipt
John H. Lacy, Mary A. Riege and
Fred Riege, wife and husband, et al.,
                              Defendants.

"I, Susan V. Reeves, do hereby acknowledge receipt of the sum of $1,904.75 due me under the Court order in the above entitled case, which sum of money was placed at my credit by W. S. Trumbull, Clerk of the District Court of Scotts Bluff County, Nebraska, in the Platte Valley State Bank on January 28th, 1933.

"Dated this —— day of ————, 193—."

Thereupon the check was charged against the account of Trumbull as clerk of the district court, and an account was opened upon the ledger of the bank in the name of Susan V. Reeves, showing a deposit of $1,904.75, with this notation at the top of the ledger sheet: "To be paid upon execution of receipt attached," being the form of receipt given by Trumbull to the bank.

Some time after March 4, 1933, Mrs. Reeves called at the bank and asked if there was money there for her. She was informed that the money was to the credit of Mr. Trumbull and that she would have to see him. Thereupon she went to see Mr. Trumbull and he informed her that the money was not to his credit but to her credit. Incidentally, it may be noted that this was after the bank holiday when the bank was under restrictions, as were all other state banks at that time. Mrs. Reeves was later informed that she could receive 5 per cent. of the amount. This she refused. Matters stood thus until the 4th of April, 1933, when the bank was taken over by the department of trade and commerce of Nebraska, and on April 20, 1933, was adjudged insolvent and a receiver appointed. The receiver classified the claim in favor of Mrs. Reeves as one for general deposit. Mrs. Reeves thereupon filed in the receivership proceedings a petition in intervention, claiming that the fund was held in trust by the bank,

and that she was entitled to a preference over the claims of general depositors. As above indicated, the trial court entered an order denying her the relief for which she prayed.

Whether a trust arose must be determined, under well established principles of law, as applied to the circumstances disclosed by the record, including the purpose and intent of the clerk and the bank in the transaction, where the check was presented to the bank and charged against the account of the clerk.

Deposits of funds in a bank have various characteristics. For instance, a deposit of funds in a bank to the credit of the depositor ordinarily is termed a general deposit. In such case, the title to the funds deposited passes to the bank, and the relation of debtor and creditor exists between the bank and the depositor. Then there is another class known as special deposits, where the property, securities or funds are left with the bank for safe-keeping only, and the specific property or fund to be returned to the depositor. In such case, the bank is a mere bailee. The title to the deposit does not pass to the bank but remains in the depositor. Then there is another class of deposits where the deposit is made for a specific purpose, as where the fund is delivered to the bank for a particular, specific purpose. Where a fund is deposited in a bank for purpose of paying a specific obligation, it is termed a deposit for a specific purpose. In such case, the bank acts as the agent of the depositor, and if the bank should fail to apply it as directed, or should misapply it, it may be recovered as a trust deposit. 7 C. J. 628, 630, 631.

This court has held on numerous occasions that, where a deposit of funds is made in a bank for paying a specific debt of the depositor, and the bank fails or neglects to apply the fund to the purpose for which the deposit was made, and thereafter becomes insolvent, a trust arises. See *Scotts Bluff County v. First Nat. Bank*, 115 Neb. 273, 212 N. W. 617; *State v. State Bank of Touhy*, 122 Neb. 582, 240 N. W. 925; *Nutrena Feed Mills, Inc., v. Superior Whole-*

*sale Grocery Co.,* 122 Neb. 728, 241 N. W. 522; *State v. Citizens State Bank,* 124 Neb. 562, 247 N. W. 345; *State v. Bank of Otoe,* 125 Neb. 530, 251 N. W. 111; *State v. Farmers & Merchants Bank,* 125 Neb. 800, 252 N. W. 316; *Davis v. Polak,* 126 Neb. 640, 254 N. W. 246.

It is the contention of the receiver that no deposit of funds was made by the clerk of the district court for the benefit of the intervener; that it was merely a shifting of credits, and, hence, no trust could arise. We think this view cannot be sustained. In *Bartley v. State,* 53 Neb. 310, 73 N. W. 744, this court held: "The giving of credit as a deposit for the amount of a check, by the bank upon which it is drawn, is, in contemplation of law, a payment of the check in money, to the same extent as though the currency had been paid over the counter on the check and immediately redeposited by the payee." See, also, *State v. Bank of Otoe, supra.*

In the instant case, it is conceded that the clerk of the district court was indebted to Mrs. Reeves in the sum of $1,904.75. The clerk desired to discharge that obligation. The clerk had to his credit in the Platte Valley State Bank funds far in excess of the amount of the check. The bank had the cash in its tills and vaults with which to pay the check, and, when the bank accepted the check of the clerk for the purpose of discharging his obligation to Mrs. Reeves, and charged the amount of the check against his account, it was equivalent to the payment of the amount of the check to the clerk and a redeposit by him of that amount for the purpose of paying a specific obligation that he owed to Mrs. Reeves. Under the circumstances disclosed, the bank then became the agent of the clerk. It accepted the deposit from him for the purpose of paying a specific obligation. The bank had but one duty to perform and that was to pay that amount over to Mrs. Reeves upon her signing a receipt for the fund. The bank had no right to create, as it attempted to do, the relation of debtor and creditor between itself and Mrs. Reeves. She then had no knowledge that the money had been

deposited in the bank for her. She never consented to become a mere creditor of the bank. Under the circumstances, we think it clear that a trust was created. The clerk, as depositor, was creator of the trust; the bank was the trustee, and Mrs. Reeves was the beneficiary of the trust. True, she might have refused to become the beneficiary of the trust and have claimed the fund from the clerk of the court. However, she was privileged to accept, and has accepted, the provisions of the trust created by the clerk for her benefit.

Under the facts disclosed by the record, the trial court erred in not allowing Mrs. Reeves her claim as one arising out of a trust and entitled to preference over the claims of general depositors.

The judgment of the district court is reversed and the cause remanded, with directions to enter a decree allowing the claim of Mrs. Reeves as one arising out of a trust and entitled to payment in preference over the claims of general depositors.

REVERSED.