GALYEN PETROLEUM COMPANY, A CORPORATION, APPELLANT, V. NORMAN J. HIXSON, DOING BUSINESS AS HIXSON SKELLY SERVICE, AND COMMERCIAL BANK, BASSETT, NEBRASKA, A CORPORATION, APPELLEES.

331 N.W.2d 1

Filed March 11, 1983. No. 82-001.

Arlen D. Magnuson, for appellant.

Cronin, Hannon & Symonds, for appellee Bank.

KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and SPRAGUE, D.J., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

Plaintiff, Galyen Petroleum Company (Galyen), appeals a summary judgment in favor of the Commercial Bank (Bank) of Bassett, Nebraska, in a suit to recover on three checks personally presented to drawee Bank by payee Galyen, upon which payment was refused, although the drawer had funds on deposit to pay some of the checks.

Galyen was a wholesale supplier of fuels to the defendant, Norman J. Hixson, who had an account in and owed Bank more than $7,000 on promissory notes. On October 1, 1975, Hixson issued check No. 2287, $3,763.25, to Galyen, which was presented

through channels to drawee Bank for collection and returned unpaid for insufficient funds. On October 15, 1975, Hixson issued check No. 2304, $2,740.88, to Galyen, which was likewise presented and returned. On November 1, 1975, Hixson issued check No. 2324, $378.94, to Galyen, which was likewise presented and returned. On November 12 and 13, 1975, Galyen personally presented the three checks to Bank during regular banking hours at Bassett, Nebraska; upon each presentment, Bank unconditionally refused payment of all three checks and forthwith returned them to Galyen. Bank's records and the evidence show that at the close of business on November 10, 1975, Hixson's account had a credit balance of $3,048.46. There was no account activity on November 11, 1975. On November 12, three deposits were made to the account, $209.27, $92.90, and $443.17. After Galyen presented the checks for collection on November 12, Bank set off Hixson's account for two items of $1,006.75 and $2,700 that were credited to Hixson's note account, leaving a balance of $87.05. The credited notes were not then due. The printed part of the notes recite in part: "Payee shall have at all times a security interest in and right of set-off against any deposit balances of the maker(s) . . . and may at the time, without notice, apply the same against payment of this note . . . whether due or not . . . ." Bank had a financing statement and security agreement from Hixson dated March 7, 1975. Hixson did not object to the setoffs. Galyen filed its petition on August 23, 1976. Hixson was discharged as a bankrupt on December 7, 1976, and dismissed as a party defendant.

Galyen claims that summary judgment was not a proper remedy here for the reason there were genuine issues of material fact concerning Bank's transactions on November 12 and 13.

Our law relating to summary judgment is well established. "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admis-

sions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Neb. Rev. Stat. § 25-1332 (Reissue 1979).

"The primary purpose of the summary judgment statute is to pierce sham pleadings and to further dispose of cases where there is no genuine claim or defense." *Brown v. Nebraska P.P. Dist.*, 209 Neb. 61, 64, 306 N.W.2d 167, 169 (1981).

From a full review of the record, including depositions and Bank's records, there is no conflict in the evidence, and there is no genuine issue of any material fact.

Galyen assigns as error that Bank unlawfully refused payment of the checks on presentment and that it had no authority to make a setoff to credit Hixson's promissory notes where (1) the notes were not due and (2) the setoffs were exercised after presentment.

Neb. U.C.C. § 3-409(1) (Reissue 1980) provides: "A check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until he accepts it."

"The authorities are agreed . . . that a check, of itself, and in the absence of special circumstances, is neither a legal nor an equitable assignment or appropriation of a corresponding amount of the drawer's funds in the hands of the drawee, and that therefore, in and of itself, it gives the holder of the check no right of action against the drawee and no valid claim to the fund of the drawer in its hands, even though the drawer has on deposit sufficient funds to pay it. It creates no lien on the money which the holder can enforce against the bank." 10 Am. Jur. 2d *Banks* § 563 at 532-33 (1963).

There are no special circumstances or agreements claimed here. The only evidence was the hearsay statement of Richard W. Galyen that Hixson told

him that he had telephoned Bank and that the checks were good.

Summary judgment was a proper procedure here, and Galyen had no standing or cause of action against Bank on account of the dishonor of any of the three checks. It did have a remedy against the drawer. Neb. U.C.C. § 3-507(2) (Reissue 1980). We do not get to the question of setoffs. The summary judgment was properly granted.

AFFIRMED.