Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/16/2021 08:08 AM CST

- 335 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
OGALLALA LIVESTOCK AUCTION MARKET v. LEONARD
Cite as 30 Neb. App. 335

Ogallala Livestock Auction Market, Inc.,
a Nebraska corporation, appellant, v.
Charles D. Leonard, doing business
as Leonard Cattle Company, and
Pinnacle Bank, appellees.

___ N.W.2d ___

Filed November 2, 2021.    No. A-20-772.

1. **Motions to Dismiss: Pleadings: Appeal and Error.** An appellate court reviews a district court's order granting a motion to dismiss de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.

2. **Motions to Dismiss: Pleadings.** To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim.

3. **Motions to Dismiss: Pleadings: Appeal and Error.** When reviewing an order dismissing a complaint, an appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.

4. **Torts: Conversion: Property: Words and Phrases.** Tortious conversion is any distinct act of dominion wrongfully asserted over another's property in denial of or inconsistent with that person's rights.

5. **Banks and Banking: Words and Phrases.** A deposit of funds in a bank to the credit of the depositor ordinarily is termed a "general deposit," and in such cases, the title to the funds deposited passes to the bank, and the relation of debtor and creditor exists between the bank and the depositor.

- 336 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
OGALLALA LIVESTOCK AUCTION MARKET v. LEONARD
Cite as 30 Neb. App. 335

6. **Banks and Banking: Presumptions.** The presumption is that a bank deposit made in the usual course of business is a general deposit and not a special or trust deposit.

7. **Banks and Banking: Property: Words and Phrases.** Special deposits occur where the property, securities, or funds are left with the bank for safekeeping only, and the specific property or fund is to be returned to the depositor.

8. **Banks and Banking: Bailment.** In the case of special deposits, the bank is a mere bailee, and the title to the deposit does not pass to the bank but remains in the depositor.

9. **Banks and Banking: Words and Phrases.** Deposits made for a specific purpose occur where a fund is deposited in a bank for the purpose of paying a specific obligation.

10. **Restitution: Unjust Enrichment.** To recover under a theory of unjust enrichment, the plaintiff must allege facts that the law of restitution would recognize as unjust enrichment.

11. **Unjust Enrichment: Words and Phrases.** Unjust enrichment means a transfer of a benefit without adequate legal ground. It results from a transaction that the law treats as ineffective to work a conclusive alteration in ownership rights.

12. **Appeal and Error.** To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error.

13. **Rules of the Supreme Court: Appeal and Error.** When a brief of an appellee fails to present a proper cross-appeal pursuant to Neb. Ct. R. App. P. § 2-109 (rev. 2014), an appellate court declines to consider its merits.

Appeal from the District Court for Keith County: RICHARD A. BIRCH, Judge. Affirmed in part, and in part reversed and remanded for further proceedings.

James R. Korth, of Reynolds, Korth & Samuelson, P.C., L.L.O., for appellant.

T. Randall Wright and Nicholas A. Buda, of Baird Holm, L.L.P., for appellee Pinnacle Bank.

RIEDMANN, BISHOP, and ARTERBURN, Judges.

Riedmann, Judge.

## INTRODUCTION

Ogallala Livestock Auction Market, Inc. (Ogallala), appeals the order of the district court for Keith County which dismissed its second amended complaint for failing to state a claim upon which relief could be granted. Pinnacle Bank (Pinnacle) attempts to cross-appeal. For the reasons that follow, we affirm in part, and in part reverse and remand the cause for further proceedings.

## STATEMENT OF FACTS

Ogallala asserts in its second amended complaint the following facts: Charles D. Leonard worked as a cattle and livestock broker, whereby he purchased cattle and other livestock for third-party buyers on a commission basis. He was a longtime banking customer of Pinnacle and maintained a bank account with Pinnacle for his cattle business that was referred to as "Account 161." Account 161 consistently had a negative balance due to the manner in which Leonard operated his business. Generally, Leonard would draw checks upon a negative balance in Account 161 for the purchase of cattle, and when presented with the checks, Pinnacle would communicate with Leonard in order to verify that Leonard was anticipating receiving deposits in an amount sufficient to cover the checks he had written. After Leonard would verify the expected deposits, Pinnacle would honor the checks Leonard had written, sometimes doing so prior to receiving the anticipated deposits. By allowing Leonard's checking account to remain open despite a negative balance, Pinnacle assessed fees and interest to Account 161 of tens of thousands of dollars.

In 2015, Leonard contracted with certain third-party buyers for the purchase of cattle. He ultimately purchased 1,584 head of cattle from Ogallala and delivered them to the separate buyers. To cover the cost of the cattle, Leonard drafted three checks to Ogallala drawn on Account 161 totaling $2,924,586.22.

- 338 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
OGALLALA LIVESTOCK AUCTION MARKET v. LEONARD
Cite as 30 Neb. App. 335

Around the same time, five deposits were made into Account 161 as payments to Leonard from the third-party buyers. Three of the deposits were checks that Leonard personally deposited into the account, and two were wire transfers from the third-party buyers.

When Ogallala presented the checks from Leonard to Pinnacle for payment, Pinnacle dishonored the checks. Instead of clearing the checks, Pinnacle utilized the deposited funds to set off the outstanding fees and interest Leonard owed on Account 161. Thereafter, Leonard failed to make payment to Ogallala or return the cattle.

Accordingly, Ogallala commenced this action and initially named Leonard, doing business as Leonard Cattle Company, and Pinnacle as defendants. Leonard subsequently filed a suggestion of bankruptcy and entered into a stipulation with Ogallala whereby Leonard would remain in this case as a necessary party only. Ogallala then filed an amended complaint, which asserted claims solely against Pinnacle. Pinnacle filed a motion to dismiss for failure to state a claim upon which relief could be granted. The district court held a hearing on the matter and issued an order, acknowledging that it initially intended to grant the motion to dismiss. However, after further review of the amended complaint and legal standards, the district court concluded that "while [Ogallala] may be grasping at straws[,] there might be one straw left." It therefore denied Pinnacle's motion to dismiss and allowed Ogallala to amend its complaint.

Thereafter, Ogallala filed a second amended complaint, the operative complaint, which asserted four "causes of action" against Pinnacle. Pinnacle, again, moved to dismiss the complaint for failing to state a cognizable claim for relief. The district court ultimately agreed, concluding that the operative complaint did not allege any legal basis that would give Ogallala a cause of action against Pinnacle regarding its dishonor of the checks that Leonard had written on Account 161. Therefore, because the complaint did not allege sufficient

- 339 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
OGALLALA LIVESTOCK AUCTION MARKET v. LEONARD
Cite as 30 Neb. App. 335

facts, accepted as true, to state a claim for relief that was plausible on its face, nor did the factual allegations raise a reasonable expectation that discovery would reveal evidence of a claim, the district court dismissed the second amended complaint without prejudice. Ogallala appeals, and Pinnacle attempts to cross-appeal.

## ASSIGNMENTS OF ERROR

Ogallala assigns that the district court erred in granting Pinnacle's motion to dismiss for failure to state a claim.

In its attempted cross-appeal, Pinnacle assigns that the district court erred in dismissing the amended complaint without prejudice instead of with prejudice.

## STANDARD OF REVIEW

[1] An appellate court reviews a district court's order granting a motion to dismiss de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Chaney v. Evnen*, 307 Neb. 512, 949 N.W.2d 761 (2020).

## ANALYSIS

[2,3] Ogallala assigns that the district court erred in granting Pinnacle's motion to dismiss and finding that the operative complaint failed to state a claim upon which relief could be granted. To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Id.* In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim. *Id*. When reviewing an order dismissing a complaint, an appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion. *Id*. For purposes of a motion

- 340 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
OGALLALA LIVESTOCK AUCTION MARKET v. LEONARD
Cite as 30 Neb. App. 335

to dismiss, a court is not obliged to accept as true a legal conclusion couched as a factual allegation, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*

*Claim for Conversion.*

[4] The operative complaint first asserts a cause of action for conversion. Tortious conversion is any distinct act of dominion wrongfully asserted over another's property in denial of or inconsistent with that person's rights. *Zimmerman v. FirsTier Bank*, 255 Neb. 410, 585 N.W.2d 445 (1998). The plaintiff must establish a right to immediate possession of the property at the time of the alleged conversion. *Id*. In other words, the essence of conversion is not acquisition by the wrongdoer, but the act of depriving the owner wrongfully of the property. *Id*. Thus, in order to state a cause of action for its claim for conversion here, Ogallala was required to allege sufficient facts which would establish that it was the owner of the property it alleges Pinnacle converted, which was the funds deposited into Account 161.

Pinnacle generally relies on *Galyen Petroleum Co. v. Hixson*, 213 Neb. 683, 331 N.W.2d 1 (1983), to argue that Ogallala's complaint fails to state a claim for conversion, because Ogallala has no right in funds represented by a check and no standing to sue the drawee bank, Pinnacle, on a dishonored check. In *Galyen Petroleum Co.*, the plaintiff sued the drawer of the check and the drawee bank to recover on three checks presented to the bank, upon which payment was refused. The drawer of the check was dismissed from the action after filing for bankruptcy. The trial court entered summary judgment for the bank. On appeal, the Nebraska Supreme Court relied in part on a section of Nebraska's Uniform Commercial Code now codified at Neb. U.C.C. § 3-408 (Reissue 2020), which provides that a check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment and that the drawee is not liable on

- 341 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
OGALLALA LIVESTOCK AUCTION MARKET v. LEONARD
Cite as 30 Neb. App. 335

the instrument until the drawee accepts it. The Supreme Court also iterated:

> "'[A] check, of itself, and in the absence of special circumstances, is neither a legal nor an equitable assignment or appropriation of a corresponding amount of the drawer's funds in the hands of the drawee, and that therefore, in and of itself, it gives the holder of the check no right of action against the drawee and no valid claim to the fund of the drawer in its hands, even though the drawer has on deposit sufficient funds to pay it. It creates no lien on the money which the holder can enforce against the bank.'"

*Galyen Petroleum Co. v. Hixson*, 213 Neb. at 685, 331 N.W.2d at 2-3. Finding that no special circumstances or agreements existed in that case, the Supreme Court affirmed the entry of summary judgment, holding that the plaintiff had no standing or cause of action against the bank.

The facts of *Galyen Petroleum Co.* are distinguishable from the present case, however, because there, the plaintiff did not allege any "special circumstances" that would create an obligation on the part of the bank to the holder of the check. In its second amended complaint, Ogallala pled facts attempting to show an ownership interest in the funds, as set forth more fully below.

[5,6] As explained above, in order to state a claim for conversion here, Ogallala was required to allege sufficient facts that would establish that it had an ownership interest in the funds deposited into Account 161. A deposit of funds in a bank to the credit of the depositor ordinarily is termed a "general deposit." *State, ex rel. Good, v. Platte Valley State Bank*, 130 Neb. 222, 264 N.W. 421 (1936). In such cases, the title to the funds deposited passes to the bank, and the relation of debtor and creditor exists between the bank and the depositor. *Id*. The presumption is that a bank deposit made in the usual course of business is a general deposit and not a special or trust deposit. See *Glass v. Nebraska State Bank*, 175 Neb. 673, 122 N.W.2d 882 (1963).

- 342 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
OGALLALA LIVESTOCK AUCTION MARKET v. LEONARD
Cite as 30 Neb. App. 335

[7,8] Ogallala recognizes that if the deposits at issue here were general deposits, title to the funds passed to Pinnacle, and thus, it had no ownership interest in the funds, which would defeat its conversion claim. Ogallala asserts, however, that the deposits made into Account 161 were an exception to the general deposit rule in that they were special deposits or deposits for a specific purpose. The Supreme Court has articulated that special deposits occur where the property, securities, or funds are left with the bank for safekeeping only, and the specific property or fund is to be returned to the depositor. *State, ex rel. Good, v. Platte Valley State Bank, supra*. In such case, the bank is a mere bailee. *Id*. The title to the deposit does not pass to the bank but remains in the depositor. *Id*.

As the Supreme Court outlined in *State, ex. rel. Good, v. Platte Valley State Bank*, with regard to special deposits, title to the funds does not pass to the bank but remains in the depositor, and the funds are to be returned to the depositor. A depositor is defined as one who delivers to or leaves with a bank money subject to his or her order, either upon time deposit or subject to check, or, alternatively, someone who makes a deposit. *Union Life & Accident Ins. Co. v. American Surety Co.*, 113 Neb. 300, 203 N.W. 172 (1925); Black's Law Dictionary 554 (11th ed. 2019). Here, Ogallala was not a depositor, having made no deposits into Account 161; therefore, it cannot establish ownership of the funds in order to support its conversion claim on the basis of a special deposit.

[9] With respect to deposits made for a specific purpose, this occurs where a fund is deposited in a bank for the purpose of paying a specific obligation. *State, ex rel. Good, v. Platte Valley State Bank, supra*. The burden is on the claimant to show that the deposit was received by the bank with the express or clearly implied agreement that it should be kept separate from the general funds of the bank and that it should remain intact. *Glass v. Nebraska State Bank, supra*. In the case of a deposit for a specific purpose, the bank acts as the agent of the depositor, and if the bank should fail to apply the

- 343 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
OGALLALA LIVESTOCK AUCTION MARKET v. LEONARD
Cite as 30 Neb. App. 335

deposit as directed, or should misapply it, it may be recovered as a trust deposit. *State, ex rel. Good, v. Platte Valley State Bank, supra*.

As an exception to the general rule regarding general deposits, which allows a bank to apply a deposit made by a customer indebted to the bank in payment of an overdraft or other indebtedness, if the bank has knowledge of the trust relation, it will be liable for a conversion of the fund in case it applies it in satisfaction of its own indebtedness. See *Blanchette v. Keith Cty. Bank & Trust Co.*, 231 Neb. 628, 437 N.W.2d 488 (1989). In other words, a bank may not set off funds in a depositor's account in payment of the depositor's indebtedness to the bank when the bank knows or should know that the funds being set off belong to another. *Id*. A bank that appropriates a deposit made by a customer to reduce his or her indebtedness due the bank, knowing the deposit, or a part thereof, to be a trust fund, is liable to the true owner for a conversion of his money, and an action at law to recover the amount can be maintained. *Bliss v. Continental Nat. Bank*, 120 Neb. 568, 234 N.W. 400 (1931).

The complaint here alleges that Leonard intended the deposited funds to be used specifically to provide payment to Ogallala; that Leonard and Pinnacle intended and agreed, either expressly or by implication, that the deposited funds were to be used specifically to provide payment to Ogallala; and that Pinnacle knew or should have known that the deposited funds were to be used specifically to provide payment to Ogallala. In other words, the complaint alleges that the deposits were deposits for a specific purpose.

The district court's order dismissing the operative complaint found that despite the new facts alleged by Ogallala, the complaint failed to allege any legal basis that would give Ogallala a cause of action against Pinnacle regarding its dishonor of the checks that Leonard wrote on Account 161. The court observed that Nebraska law is well established that a bank may set off funds of a depositor to pay a debt due the bank,

- 344 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
OGALLALA LIVESTOCK AUCTION MARKET v. LEONARD
Cite as 30 Neb. App. 335

citing *Miracle Hills Ctr. Ltd. Part. v. Nebraska Nat. Bank*, 230 Neb. 899, 434 N.W.2d 304 (1989). However, as stated above, the general rule is inapplicable when deposits are made for a specific purpose. The district court failed to recognize this exception.

In its brief, Pinnacle implicitly recognizes the deposit for a specific purpose exception, stating, "*Absent special instructions* from a depositor or an agreement between the depositor and the bank, a bank is not obligated to segregate deposits from the general funds of the bank." Brief for appellee Pinnacle at 14 (emphasis supplied). However, it argues that the factual allegations here are too conclusory and insufficient to defeat its motion to dismiss for failure to state a claim. It is true that for purposes of a motion to dismiss, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. See *Central Neb. Pub. Power Dist. v. North Platte NRD*, 280 Neb. 533, 788 N.W.2d 252 (2010). A court is not obliged to accept as true a legal conclusion couched as a factual allegation. *Id*. A pleader's obligation to provide the grounds of its entitlement to relief requires more than labels and conclusions. *Id*. Nor does a pleading suffice if it tenders naked assertion, devoid of further factual enhancement. *Id*.

However, Nebraska is a notice pleading jurisdiction. See *Eadie v. Leise Properties*, 300 Neb. 141, 912 N.W.2d 715 (2018). Civil actions are controlled by a liberal pleading regime; a party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief and is not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair notice of the claims asserted. *Id*. The rationale for this liberal notice pleading standard in civil actions is that when a party has a valid claim, he or she should recover on it regardless of a failure to perceive the true basis of the claim at the pleading stage. *Id*.

In *Doe v. Board of Regents*, 280 Neb. 492, 788 N.W.2d 264 (2010), *overruled on other grounds, Davis v. State*, 297 Neb.

- 345 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
OGALLALA LIVESTOCK AUCTION MARKET v. LEONARD
Cite as 30 Neb. App. 335

955, 902 N.W.2d 165 (2017), the Supreme Court considered revisions to the federal standard for determining whether a complaint could survive a motion to dismiss for failure to state a claim that the U.S. Supreme Court had recently articulated. See, *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). After analyzing the federal revisions as well as Nebraska's pleading requirements, the Nebraska Supreme Court held:

[T]o prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim.

*Doe v. Board of Regents*, 280 Neb. at 506, 788 N.W.2d at 278. Although the allegation regarding Leonard and Pinnacle's agreement that the deposits were to be used to provide payment to Ogallala is conclusory, at this stage of litigation, Ogallala would not yet have additional details of an agreement between two other parties or have been able to acquire the information Pinnacle had or should have had regarding the intent of the deposits. Thus, at this time, Ogallala cannot allege more specific facts than it did showing a necessary element. And the allegations that are in the second amended complaint, when taken as true, are plausible because they suggest the existence of an agreement between Leonard and Pinnacle and/or that Pinnacle knew or should have known that the purpose of the deposits was to cover the checks that Leonard had written to Ogallala, and discovery will likely reveal additional evidence related to these factual allegations.

Moreover, what qualifies as sufficient evidence to establish a deposit for a specific purpose varies throughout Nebraska

- 346 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
OGALLALA LIVESTOCK AUCTION MARKET v. LEONARD
Cite as 30 Neb. App. 335

case law, particularly given the standard that a bank may not set off funds when the bank *knows or should know* that the funds being set off belong to another. See *Blanchette v. Keith Cty. Bank & Trust Co.*, 231 Neb. 628, 437 N.W.2d 488 (1989). For example, in *Miracle Hills Ctr. Ltd. Part. v. Nebraska Nat. Bank*, 230 Neb. 899, 903, 434 N.W.2d 304, 306 (1989), the Supreme Court upheld summary judgment in favor of the defendant bank, finding that a deposit was a general deposit, because the depositor "placed no limitation on the deposit and gave no indication to the bank that the deposit was to be used solely for payments on the [plaintiff's] project."

In *Allen Dudley & Co. v. First Nat. Bank*, 122 Neb. 443, 240 N.W. 522 (1932), however, the Supreme Court relied on a course of conduct to determine that the defendant bank knew or should have known that funds deposited into an account were for a specific purpose. The court concluded that in light of testimony that the account holder had bought and sold cattle the same way for 2 years through the bank, it could not be said that the defendant bank did not have knowledge of the account holder's manner of doing business. Thus, when two "sight drafts" were received, the bank knew or should have known that the deposits were drawn on the plaintiff against shipments of cattle the account owner had made; that the account owner had bought cattle from various parties, which the record showed he had been in the habit of doing for a year or more; and that there were checks outstanding, representing the purchase price of the cattle, which were to be paid out of the proceeds of these deposits. *Id.* at 448, 240 N.W.2d at 524.

In the present case, in addition to the allegations detailed above, the complaint also alleges a course of conduct from which it could be found that Pinnacle knew or should have known that the deposits were for a specific purpose. The complaint asserts that Leonard was a longtime Pinnacle customer and that Pinnacle was aware that Leonard primarily used Account 161 to operate his cattle business. Additionally, the complaint alleges that during September and October 2015,

- 347 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
OGALLALA LIVESTOCK AUCTION MARKET v. LEONARD
Cite as 30 Neb. App. 335

due to daily conversations between Leonard and agents of Pinnacle, Pinnacle was aware of the nature of Leonard's business operation and knew the manner in which he conducted his sales. The complaint asserts Pinnacle specifically knew during that timeframe that Leonard was commissioned by third-party cattle buyers, that funds deposited into Leonard's account were from those buyers, and that the checks written by Leonard from Account 161 were for the purpose of purchasing cattle from cattle sellers such as Ogallala.

The complaint further alleges that prior to September 29, 2015, whenever Pinnacle was presented with checks written by Leonard and drawn on a negative account balance, Pinnacle would communicate with Leonard to verify he was expecting deposits in amounts sufficient to cover the checks written and that Pinnacle permitted the manner in which Leonard utilized Account 161. With respect to the checks written to Ogallala, the complaint asserts that in each instance, Leonard was able to verify for Pinnacle he was expecting deposits sufficient to cover the checks written, and that in fact, deposits equal to or in excess of the amounts of the checks were deposited into Account 161. Accepting these allegations as true, we conclude that the complaint is sufficient to state a plausible claim that the deposits were deposits for a specific purpose, and thus, Pinnacle, having failed to apply the funds as directed, could be held liable for conversion.

We caution that we are not opining on the merits of this claim or the ultimate outcome of the case. We are simply finding, upon our de novo review of the record, that the allegations in the complaint were sufficient to survive a motion to dismiss for failure to state a claim. We therefore reverse the district court's order dismissing the cause of action for conversion.

*Claim for Unjust Enrichment.*

[10,11] In addition to the conversion claim, the complaint also asserts a claim for unjust enrichment. To recover under a theory of unjust enrichment, the plaintiff must allege facts

- 348 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
OGALLALA LIVESTOCK AUCTION MARKET v. LEONARD
Cite as 30 Neb. App. 335

that the law of restitution would recognize as unjust enrichment. *City of Scottsbluff v. Waste Connections of Neb.*, 282 Neb. 848, 809 N.W.2d 725 (2011). Unjust enrichment is a flexible concept. *Id*. But it is a bedrock principle of restitution that unjust enrichment means a transfer of a benefit without adequate legal ground. *Id*. It results from a transaction that the law treats as ineffective to work a conclusive alteration in ownership rights. *Id*.

Applying those guidelines here, Ogallala must allege facts showing that Pinnacle transferred a benefit, the deposited funds, without a right to the funds or, stated differently, Ogallala must allege facts that establish it, rather than Pinnacle, had a right to the deposited funds. In order to establish a right to the deposited funds, Ogallala was required to allege facts showing that the funds were deposits for a specific purpose. As we concluded above, it did so. We therefore conclude that the complaint alleged sufficient facts to state a claim for unjust enrichment, and we reverse the district court's dismissal of that claim.

We again caution that we express no opinion as to the ultimate merits of the unjust enrichment claim. We also observe that although we have determined that the complaint alleged sufficient facts to state claims for conversion and unjust enrichment, should Ogallala ultimately prove these claims, it would not be entitled to recover on both of these theories. A party may not have double recovery for a single injury, or be made more than whole by compensation which exceeds the actual damages sustained. *deNourie & Yost Homes v. Frost*, 295 Neb. 912, 893 N.W.2d 669 (2017).

*Claim for Constructive Trust.*

[12] Related to its unjust enrichment claim, Ogallala requested the imposition of a constructive trust upon either the actual cattle or the deposited funds. However, Ogallala fails to articulate an argument in its brief on this issue; rather, it simply states in an argument heading that "[Ogallala's] causes

- 349 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
OGALLALA LIVESTOCK AUCTION MARKET v. LEONARD
Cite as 30 Neb. App. 335

of action for unjust enrichment and for imposition of a constructive trust state claims upon which relief may be granted." Brief for appellant at 18. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *Diamond v. State*, 302 Neb. 892, 926 N.W.2d 71 (2019). Based upon Ogallala's failure to do so, we decline to address the issue.

## Claim for Declaratory Judgment.

The complaint alleges a final cause of action seeking a declaratory judgment, which claim the district court also dismissed. Ogallala does not argue in its brief that the decision concerning this claim was error, however, and we therefore do not address it. See *Diamond v. State, supra*.

## Attempted Cross-Appeal.

[13] Pinnacle attempts to raise a cross-appeal related to the district court's dismissal of the second amended complaint without prejudice. At the time Pinnacle submitted its brief, Neb. Ct. R. App. P. § 2-109(D)(4) (rev. 2014) provided:

> Where the brief of appellee presents a cross-appeal, it shall be noted on the cover of the brief and it shall be set forth in a separate division of the brief. This division shall be headed "Brief on Cross-Appeal" and shall be prepared in the same manner and under the same rules as the brief of appellant.

See, also, *Krejci v. Krejci*, 304 Neb. 302, 306, 934 N.W.2d 179, 183 (2019) (stating "the cross-appeal section of an appellate brief must set forth a separate title page, a table of contents, a statement of the case, assigned errors, propositions of law, and a statement of the facts"). But see *Cornwell v. Cornwell*, 309 Neb. 156, 959 N.W.2d 243 (2021) (clarifying that § 2-109(D)(4) does not require separate title page, but, rather, requires cross-appeal to be noted on cover of brief). When a brief of an appellee fails to present a proper cross-appeal pursuant to § 2-109, we decline to consider its merits. *Krejci v. Krejci, supra*.

- 350 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
OGALLALA LIVESTOCK AUCTION MARKET v. LEONARD
Cite as 30 Neb. App. 335

Here, Pinnacle's brief does not contain a notation on the cover of the brief that it contains a cross-appeal, nor does the cross-appeal contain a separate title page upon which such designation appears. Similarly, as in *Krejci*, the cross-appeal section contains no table of contents for the cross-appeal. In *Krejci*, the Supreme Court declined to consider the merits of the cross-appeal as being noncompliant with our rules. For the same reasons, we decline to address the merits of Pinnacle's cross-appeal.

## CONCLUSION

Accepting as true all facts that are well pled and the proper and reasonable inferences of law and fact that may be drawn therefrom, we conclude that the second amended complaint states a plausible claim for relief for conversion and unjust enrichment. We therefore reverse the dismissal of these two claims and remand the cause for further proceedings. As to the dismissal of the claims for a constructive trust and a declaratory judgment, we affirm the court's order for the reasons stated above.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.